CITY OF CHATTANOOGA

*v.*

CURTIS SWIFT, JOHN CURTIS, MRS. EDWARD COOK, MIZE LAWRENCE, and JAMES W. PENLEY, Constituting the Hamilton County Election Commission.

442 S.W.2d 257.

(*Knoxville,* September Term, 1968.)

Opinion filed June 13, 1969.

O'REAR, LANHAM, THOMASSON, WASSICK & HYDE, and SAMUEL H. PAYNE, Chattanooga, for appellants.

EUGENE N. COLLINS, RANDALL L. NELSON, and E. K. MEACHAM, Chattanooga, for appellee.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

On the City of Chattanooga's bill for injunction, the Hamilton County Election Commission was enjoined

from holding an election under T.C.A. sec. 6-101 et seq. to incorporate a territory to be known as "Ooltewah Township". On January 2, 1969, prior to defense by the election commissioners, Windell C. Kelley and Asa C. Ball filed a petition alleging they were interested financially and otherwise in incorporating Ooltewah, that certain allegations in the injunction bill were false and that the attempted annexation was an illegal and bad faith exercise of powers of annexation conferred under the statutes of Tennessee, and asking that they be permitted to intervene as parties in interest.

On January 6, 1969, the election commissioners answered and put at issue all the material allegations of the injunction bill. And on that same day petitioners moved the court to grant their petition to intervene.

The motion was denied, but petitioner's solicitor was authorized to appear as amicus curiae in the cause. From this order the Chancellor granted the movants a discretionary appeal to this Court.

The City of Chattanooga has met the appeal, first, by moving to dismiss it on two grounds: (1) that appellants failed to file assignments of error and brief within the twenty-five day period after the filing of the transcript of the record on March 3, 1969, as required by Rules 14 and 15 of this Court. (2) That the Chancellor was not authorized by T.C.A. sec. 27-305 to grant a discretionary appeal. We think both grounds of the motion are good.

■■ The transcript of the record shows it was filed March 3, 1969, in the office of John A. Parker, Supreme Court Clerk. The assignment of error and brief shows it was filed April 24, 1969, long after the twenty-five day

period prescribed by our Rules 14 and 15, and some ten days after the City of Chattanooga's motion to dismiss on this ground. Accordingly, the motion is good and must be sustained. Although it was suggested at the argument of the case at the Bar of the Court that an application had been made for extension of time for filing, there is nothing in the record to support this, either in the form of a motion or an affidavit. But more conclusive, there is no order granting such an application. Under all of our cases, where this motion is made and relied on, and there is no good excuse for noncompliance with our Rules, it is our duty to sustain the motion; which is done.

■ However, by way of softening the blow, we point out that the would-be intervenors not being parties, have no right to a discretionary appeal under T.C.A. sec. 27-305, that statute limiting discretionary appeals to "parties".[1]

■ By the term "party", in general, is meant one having a right to control proceedings, to make a defense, to adduce and cross-examine witnesses, and to appeal from the judgment. *Boles v. Smith,* 37 Tenn. 105, 107.

■ And we would point out further, that upon no legal or equitable reason or rule are these movants entitled to intervene. The interest they assert is an interest common to all persons affected by the proposed incorporation, and is identical with the interest of the county election commission. It is the duty of that commission

---

[1] "27-305. *Discretionary appeal before final decision.*—The chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition or other character of reference, before the account is taken or the sale or partition is made or the reference had; or he may allow such appeal on overruling a demurrer; *or he may allow any party to appeal from a decree which settles his right,* although the case may not be disposed of as to others." Emphasis supplied.

to defend against the City's injunction suit in order that the commission may discharge its statutory duty of holding the election as called for, and we must presume the commission will do its duty—as in point of fact it is doing by an answer putting the bill at issue. So, there is simply no need for intervening parties.

We have examined the discussion of motions and petitions by strangers such as movants, found in secs. 527, 809, 810, 840, and 845, of Gibson's Suits in Chancery, 5th Edition, and find nothing to warrant the intervention sought. To the contrary, the essence of what is said there is to the effect that intervention should be sought and allowed when there is an involvement of some unasserted or undefended property right, or when in point of law the intervenors are necessary parties. No such situation prevails here.

The Chancellor's order denying intervention is affirmed, and the cause is remanded for further proceedings.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.