615 So.2d 234 (1993)
Patrick TEEMER, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2343.
District Court of Appeal of Florida, Third District.
March 9, 1993.
*235 Bennett H. Brummer, Public Defender and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
GODERICH, Judge.
The defendant, Patrick Teemer, appeals from his convictions and sentences for burglary of an occupied conveyance with a firearm (Count I); kidnapping with a firearm (Count II); sexual battery with a firearm (Count III); armed robbery with a firearm (Count IV); and unlawful possession of a firearm while engaged in the commission of the above offenses (Count VII). We reverse and remand for a new trial.
The victim testified that on July 17, 1989, at approximately 1:00 a.m., a man in a ski mask pointed a gun at her and took her purse and rings. He then ordered her into the driver's seat of her car. He entered the back seat of her car and ordered her to follow another car. The man then told her to stop the car and enter the back seat and remove her clothes. Thereafter, he ordered her to take his penis and insert it into her anus. He penetrated her anus and ejaculated a few minutes later. He then took off his ski mask and gave it to the second man who was following in the other car. The second man removed his pants and rubbed against the victim, but did not penetrate the victim.
Dr. Rao of the Rape Treatment Center examined the victim. The victim told Dr. Rao that she had been anally penetrated and that her assailant ejaculated. Dr. Rao found no evidence of trauma to the victim's anus and did not find any semen in the victim's anal cavity. Dr. Rao, however, did remove semen from the victim's vagina and cervix.
Prior to trial, the State sought an order subjecting the defendant to DNA testing. The DNA test revealed that the semen swabbed from the victim's vagina and cervix was not the defendant's semen. Thereafter, the State sought to exclude the result of the DNA test arguing that it was irrelevant because the victim said that she had been anally penetrated and the semen was removed from her vagina. Moreover, the State argued that the victim had consensual intercourse with her boyfriend four hours prior to the attack and, therefore, the semen found in the victim's vagina was not probative of the identity of the perpetrator, but was only probative of the victim's inadmissible prior sexual conduct. The defense argued that the evidence was not being admitted to establish the victim's prior sexual conduct, but was crucial to the defense of misidentification.[1] The defense also proffered that Dr. Rao would testify that sexual battery victims often think that they have been anally penetrated, when in fact they have not been. The defense also proffered that Dr. Rao would testify that she found no evidence of trauma to the victim's anus and did not find any semen in the anal cavity. The trial court granted the State's motion and ordered that the *236 DNA test result not be admitted. This appeal follows.
The defendant contends that the trial court erred in precluding the defense from introducing the result of the DNA test where the evidence was crucial to his defense of misidentification. The State, on the other hand, argues that the testimony was inadmissible as evidence of the victim's prior sexual activity under Section 794.022(2), Florida Statutes (1991), Florida's Rape Shield Statute. Under the facts of this case, we agree with the defendant's position.
"Florida's Rape Shield Statute is a codification of the rule of relevancy that a victim's prior sexual activity with one other than the accused is irrelevant for determining the guilt of an accused." Lewis v. State, 591 So.2d 922, 924 (Fla. 1991); see also Marr v. State, 494 So.2d 1139 (Fla. 1986). If Florida's Rape Shield Statute precludes a defendant from presenting a full and fair defense, "the statute would have to give way to these constitutional rights." Roberts v. State, 510 So.2d 885, 892 (Fla. 1987) (citing Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988); see also Lewis, 591 So.2d at 925.
In the instant case, the defense argued that it did not seek to have the evidence admitted to establish the victim's prior sexual conduct, but that it sought to have the DNA test result introduced because it was relevant and crucial to the defense of misidentification. Moreover, the defense proffered that Dr. Rao's testimony would reveal that there was no evidence of trauma to the victim's anus or semen found in the anal cavity, even though the victim told Dr. Rao that she had been anally penetrated and that the perpetrator had ejaculated. Moreover, the defense proffered that Dr. Rao would testify that sexual battery victims often think that they have been anally penetrated, when if fact they have not been. In light of the proffer, the DNA test result was relevant to the defense of misidentification. The exclusion of the DNA test result limited the defendant's ability to present a full and fair defense. Accordingly, the trial court erred in precluding the defense from introducing evidence that showed that the DNA test was negative.
In light of our disposition of this issue, we do not need to address the remaining points raised on appeal.
Reversed and remanded for a new trial consistent with this opinion.
NOTES
[1] It was the prosecution's theory that the defendant was the first perpetrator. The defendant's theory was misidentification. The defendant's theory of misidentification was supported by the fact that the victim testified at trial that she had never seen the defendant before, the victim was not able to positively identify the defendant in a photographic lineup, and the victim described the first perpetrator as being uncircumcised, where in fact the defendant is circumcised.