IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

**FILED**

**January 24, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | FOR PUBLICATION |
| | ) | |
| Appellee, | ) | FILED: JANUARY 24, 2000 |
| | ) | |
| v. | ) | KNOX COUNTY |
| | ) | |
| HOWARD BROWN, | ) | HON. RAY L. JENKINS, JUDGE |
| | ) | |
| Appellant. | ) | NO. E1995-00017-SC-R11-CD |

For Appellant:                    For Appellee:

SUSAN E. SHIPLEY              JOHN KNOX WALKUP
Knoxville, TN                Attorney General and Reporter

                             MICHAEL E. MOORE
                             Solicitor General

                             TODD R. KELLEY
                             Assistant Attorney General
                             Nashville, TN

                             RANDALL E. NICHOLS
                             District Attorney General

                             CHARME P. JOHNSON KNIGHT
                             Asst. District Attorney General

                             GREG HARRISON
                             Asst. District Attorney General
                             Knoxville, TN

OPINION

REVERSED AND REMANDED                              BIRCH, J.

The issue here presented is whether the trial court correctly applied the rape shield rule[1] in excluding testimony

---

[1]Tenn. R. Evid. 412.

about a rape complainant's prior sexual behavior with a person other than the defendant. The trial court excluded the proffered evidence upon a finding that the defendant did not describe the evidence in detail sufficient to satisfy the requirement of Tenn. R. Evid. 412(d)(1)(iii).[2] In contrast, the Court of Criminal Appeals found no issue in the application of Rule 412(d)(1)(iii); however, it held that the proffered evidence was properly excluded because it constituted inadmissible hearsay.

We accepted review to address and clarify the overlapping application of the rape shield rule, the rule against hearsay,[3] and the defendant's constitutional right to present a defense.

We conclude that the proffered evidence was proper evidence under the rape shield rule as evidence which tends to "rebut or explain scientific or medical evidence." Tenn. R. Evid. 412(c)(4)(i). Although we agree with the Court of Criminal Appeals that the proffered evidence transgresses the rule against the introduction of hearsay evidence, we conclude that the evidence should have been admitted to satisfy the defendant's constitutional right to present a defense. Accordingly, we reverse the judgment of the Court of Criminal Appeals, vacate the defendant's conviction, and remand this case for a new trial.

I

---

[2]"The motion shall be accompanied by a written offer of proof, describing the specific evidence [sought to be introduced] and the purpose for introducing it."

[3]Tenn. R. Evid. 801-804.

In February 1992, Howard Brown, the defendant, was indicted upon four counts of sexual abuse of an eleven-year-old family member. The complainant testified that Brown kept her home from school on several occasions in September and October 1991 under the guise that she was ill. While they were alone, he sexually abused her. She reported this abuse to her maternal aunt on December 9, 1991. The aunt then related the abuse allegations to the complainant's mother, who immediately took her daughter to the University of Tennessee Medical Center.

Robert Kelly Dickson, M.D., examined the complainant in the emergency room at the University of Tennessee Medical Center on December 9, 1991. His examination revealed a large, healed tear of the complainant's hymen. He testified that this tear was consistent with forced vaginal penetration. Dickson opined that the tear must have occurred several weeks prior to his examination; he found this condition consistent with the medical history related to him by the complainant.

Prior to trial, Brown filed a motion pursuant to Tenn. R. Evid. 412(d)(1) requesting permission to introduce evidence regarding the complainant's prior sexual behavior with another male. As stated, Dickson observed a tear in the complainant's hymen which he attributed to forced penetration. Brown sought to use evidence of prior sexual behavior to provide the jury with an alternative explanation for the complainant's medical condition.[4] This evidence would have tended to rebut the inference that Brown was the perpetrator.

---

[4]At trial, Dickson conceded on cross-examination that the hymenal tear could also have been caused by consensual sexual intercourse with an adolescent male.

3

The trial court held a hearing on Brown's Rule 412 motion and determined that the motion failed to specify the proffered evidence in sufficient detail as required by Tenn. R. Evid. 412(d)(1)(iii). Thus, the trial court ruled that the evidence of the complainant's prior sexual behavior was inadmissible.

Based on the evidence presented, the jury convicted Brown of one count of aggravated rape.[5] Brown appealed the conviction. The Court of Criminal Appeals held that the trial court erred in finding the Rule 412 notice insufficient because the State's response to the notice (that both the complainant and her alleged partner denied a sexual relationship in 1991) shows that the State had sufficient notice of the specific evidence sought to be admitted. However, the court affirmed the exclusion of the evidence on the ground that it constituted inadmissible hearsay evidence.

II

Tennessee's rape shield rule is embodied in Tenn. R. Evid. 412.[6] The law was enacted to reflect the general view that evidence of prior sexual behavior is irrelevant or, if relevant, has little probative value compared to its prejudicial effect, unless the evidence is within one of the enumerated exceptions.

---

[5] For this conviction, Brown was sentenced to twenty years in prison as a Range I, Standard Offender.

[6] This rule replaced the rape shield statute, Tenn. Code Ann. § 40-17-119 (1991), and now governs the relevance of evidence regarding a rape complainant's sexual history.

When evidence does fall within one of the enumerated exceptions, it is generally viewed as probative of a material issue without being overly prejudicial. The comment to Rule 412 notes that ". . . this rule strikes a balance between the paramount interests of the accused in a fair trial and the important interests of the sexual assault victim in avoiding an unnecessary, degrading, and embarrassing invasion of sexual privacy." Tenn. R. Evid. 412 advisory comm'n cmts (1991).

Thus, as we stated in State v. Sheline, 955 S.W.2d 42, 44-45 (Tenn. 1997), Rule 412 is designed to recognize that intrusions into the irrelevant sexual history of a complaining witness are not only prejudicial and embarrassing but also discourage many complainants from reporting sexual crimes. We also noted in Sheline that such evidence can "result in two rape trials at the same time--the trial of the defendant and the trial of the rape victim based on her past sexual conduct." Id. at 44.

Rule 412, by its provisions, also "recognizes that[,] despite the embarrassing nature of the proof, sometimes the accused can only have a fair trial if permitted to introduce evidence of the alleged victim's sexual history." Tenn. R. Evid. 412 advisory comm'n cmts (1991). Thus, Rule 412 is a rule of relevance and is written as a rule of exclusion. Its purpose is to exclude all evidence regarding the complainant's prior sexual behavior unless the procedural protocol is followed and the evidence conforms to the specifications of the Rule.

The provisions of Rule 412 applicable to the evidence proffered in this case state in pertinent part:

5

> (c) Evidence of specific instances of a victim's sexual behavior is inadmissible unless . . . the evidence is:
>
> (1) Required by the Tennessee or United States Constitution, or
>
> . . .
>
> (4) If the sexual behavior was with persons other than the defendant, [and is offered]
>
> (i) to rebut or explain scientific or medical evidence, or
>
> (ii) to prove or explain the source of semen, injury, disease, or knowledge of sexual matters . . . .

Tenn. R. Evid. 412(c).

In pertinent part, Brown's Rule 412 motion sought admission of the following evidence:

> (1) "[T]he testimony of A. L. and E. G. and others that the complainant had a sexual relationship with a minor named W. S.[7] in 1991 at the time the allegations arose"; and
>
> (2) "[I]mpeachment of the complainant with evidence that she engaged in sexual behavior in South Carolina in 1991."[8]

It is evident from the above offer of proof, and from our thorough review of the record, that Brown sought only to admit the hearsay statements of A. L. and E. G. regarding the complainant's

---

[7]Due to the age of these three witnesses, we identify by initials only.

[8]In the offer of proof, no testimony whatsoever was adduced from either of the two witnesses in support of the allegation that the complainant "engaged in sexual behavior in South Carolina in 1991."

6

sexual history.  It has long been held that the Confrontation Clause of the Sixth Amendment[9] and art. I, § 9 of the Tennessee Constitution[10] provide two protections for criminal defendants:  the right to physically face witnesses and the right to cross-examine witnesses.  Pennsylvania v. Ritchie, 480 U.S. 39, 51, 107 S. Ct. 989, 998, 94 L. Ed. 2d 40, 53 (1987); State v. Middlebrooks, 840 S.W.2d 317, 332 (Tenn. 1992).  However, Brown never requested that the trial court, by oral or written motion, allow cross-examination of the complainant regarding her alleged prior sexual behavior with W. S.  Accordingly, we find that the confrontation clause issues involving cross-examination of the complainant are deemed waived, and they are beyond the reach of this opinion.  Tenn. R. App. P. 36(a).

Another right essential to due process is the right "to call witnesses in one's own behalf." Chambers v. Mississippi, 410 U.S. 284, 294, 93 S. Ct. 1038, 1048, 35 L. Ed. 2d 297, 308 (1973); State v. Sheline, 955 S.W.2d at 47.  Although we find the confrontation clause issue to be waived, Brown has nevertheless properly preserved the issue of whether he was inappropriately denied the right to present the testimony of certain witnesses. This issue addresses the interaction between the rape shield rule, the rule against hearsay, and the constitutional right to present a defense.  As previously stated, the only physical evidence indicating that the complaining witness had had intercourse was supplied by Dickson, an expert witness who testified on behalf of

---

[9]"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.

[10]"That in all criminal prosecutions, the accused hath the right . . . to meet the witnesses face to face."  Tenn. Const. art. I, § 9.

the State.  He described a large, healed tear of her hymen which without exception was the result of penetrating trauma to the vagina.

Brown sought to introduce the testimony of A. L. and E. G.  The trial court heard the testimony of both witnesses out of the jury's presence.  A. L., age eighteen at trial, testified that she observed W. S., an adolescent male, and the complainant engaging in kissing and fondling.  E. G., age fifteen at trial, testified that she also observed W. S. and the complainant kissing and fondling.  Additionally, E. G. stated that the complainant had mentioned to her "a couple of times" that she had been having sex with W. S.

Brown, in testimony given later, denied that he had any sexual contact with the complainant; he sought to show through these two witnesses that a person other than he was responsible for the complainant's physical condition.  This intended purpose for the admission of the evidence comports precisely with Tenn. R. Evid. 412(c)(4)(i).  Its probative value clearly outweighs any unfair prejudice to the complainant.  See Tenn. R. Evid. 412(d)(4).  Therefore, the proffered evidence satisfies the threshold admissibility requirements of Tenn. R. Evid. 412.

Evidence which meets the requirements of Rule 412 may yet be inadmissible if it runs afoul of other well-established rules of evidence, the most prominent among these being the rule against hearsay.  Generally speaking, the rule against hearsay is considered to be a rule of reliability, while Rule 412 is a rule of relevance.  This difference ensures that only evidence deemed most

8

relevant and most reliable is appropriate for consideration by the trier of fact.

Although we have deemed the proffered evidence appropriate (at least at the threshold) under Rule 412, the evidence is hearsay because it consists of out-of-court statements offered to prove the truth of the matter asserted. Tenn. R. Evid. 801(c). The evidence does not fall within any of the exceptions to the rule against hearsay, exceptions which are designed to ensure a sufficient indicia of reliability. The evidence is, therefore, inadmissible hearsay under the Tennessee Rules of Evidence. Tenn. R. Evid. 801(c). The defendant contends, however, that exclusion of the proffered hearsay evidence violated his constitutional right to present a defense.

The Sixth Amendment and the Due Process Clause of the Fourteenth Amendment clearly guarantee a criminal defendant the right to present a defense which includes the right to present witnesses favorable to the defense. Taylor v. Illinois, 484 U.S. 400, 408, 108 S. Ct. 646, 652, 98 L. Ed. 2d 798 (1988); Washington v. Texas, 388 U.S. 14, 23, 87 S. Ct. 1920, 1925, 18 L. Ed. 2d 1019 (1976); Chambers, 410 U.S. at 302, 93 S. Ct. at 1049; Sheline, 955 S.W.2d at 47. In Washington v. Texas, the Court stated:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to

9

> present his own witnesses to
> establish a defense. This right is
> a fundamental element of due process
> of law.

388 U.S. at 19, 87 S. Ct. at 1923 (emphasis added). Similarly, in

Chambers, the Court stated that "the rights to confront and cross-

examine witnesses and to call witnesses in one's own behalf have

long been recognized as essential to due process." Chambers, 410

U.S. at 295-96, 93 S. Ct. at 1046. The Chambers Court emphasized

that the denial or "significant diminution" of these rights "calls

into question the ultimate integrity of the fact finding process

and requires that the competing interest be closely examined."

Id.; see also Sheline, 955 S.W.2d at 47.[11]

Although "[t]he right to present witnesses is of critical

importance . . . it is not absolute. In appropriate cases, the

---

[11]Part of the flaw in the dissent's analysis of the issue in this case results from the dissent's failure to recognize that a defendant has both the right to cross-examine witnesses presented by the State and the right to present witnesses in his or her own behalf. While the dissent correctly notes that the defendant in this case waived his right to cross-examine the complainant regarding her alleged prior statement about sexual activity with W. S., the dissent fails to recognize that waiver of the right to cross-examine the complainant does not waive the defendant's separate right to present witnesses in his own behalf. The dissent's analysis is also flawed in that it draws no distinction between impeachment evidence and substantive rebuttal evidence. The two types of proof clearly are not equivalent. A jury considers impeachment proof only when assessing the credibility of witnesses. See State v. Martin, 964 S.W.2d 564, 567 (Tenn. 1998)(Holder, J.) (citing State v. Reece, 637 S.W.2d 858, 861 (Tenn. 1982) for the proposition that prior inconsistent statements may be considered only on the issue of credibility and not as substantive evidence). Therefore, even assuming defense counsel had examined the complainant about the alleged prior statement and offered extrinsic evidence of the statement following a denial by the complainant, the jury would have considered the evidence only when assessing the credibility of the complainant. Therefore, unless the dissent is proposing a change in current Tennessee law, simply following Tennessee Rule of Evidence 613 would not have afforded to the defendant his right to offer substantive rebuttal proof which was crucial to explain the State's medical proof and necessary to establish a defense.

right must yield to other legitimate interests in the criminal trial process." <u>Chambers</u>, 410 U.S at 295, 93 S. Ct. at 1046. Specifically, "[i]n the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." <u>Id.</u> at 302, 93 S. Ct. at 1049. However, these procedural and evidentiary rules of exclusion "may not be applied mechanistically to defeat the ends of justice." <u>Id.</u> "Such rules do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" <u>United States v. Scheffer</u>, 523 U.S. 303, 118 S. Ct. 1261, 1264, 140 L. Ed. 2d 413 (1998) (quoting <u>Rock v. Arkansas</u>, 483 U.S. 44, 56, 107 S. Ct. 2704, 2711, 97 L. Ed. 2d 37 (1987)).

The constitutional right to present a defense has been held to "trump" the rule against hearsay in at least two United States Supreme Court decisions. <u>See</u> <u>Chambers</u>, 410 U.S. at 302, 93 S. Ct. at 1049. ("[W]here constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice."); <u>Green v. Georgia</u>, 442 U.S. 95, 97, 99 S. Ct. 2150, 2151, 60 L. Ed. 2d 738 (1979) ("Regardless of whether the proffered testimony comes within Georgia's hearsay rule, under the facts of this case its exclusion constituted a violation of the Due Process Clause of the Fourteenth Amendment."); <u>see</u> <u>also</u> <u>Rock</u>, 483 U.S. at 44; 107 S. Ct. at 2704 (holding that a defendant's right to present a defense was violated by Arkansas's ban on hypnotically refreshed testimony); <u>Crane v. Kentucky</u>, 476 U.S. 683, 690, 106 S. Ct. 2142, 2146, 90 L. Ed. 2d 636 (1986) (holding that the defendant's right to present a defense

11

was denied by the exclusion of evidence); <u>Washington</u>, 388 U.S. at 14; 87 S. Ct. at 1920 (holding that the defendant's right to present a defense was violated by a statute which prevented co-defendants from testifying for one another and thus precluded the defendant from introducing his accomplice's testimony that the accomplice had in fact committed the crime).  Moreover, the constitutional right to present a defense has been held to "trump" a number of other state and federal rules of procedure and evidence, including rape shield statutes.[12]

_____

[12]<u>See</u> <u>Teemer v. State</u>, 615 So. 2d 234, 236 (Fla. Dist. Ct. App. 1993) (holding that the defendant's right to present a defense was violated when the trial court excluded DNA evidence to rebut the state's case and establish the defense of misidentification); <u>People v. Mason</u>, 578 N.E.2d 1351, 1353-54 (Ill. App. Ct. 1991)(holding that the defendant's due process right to present a defense was violated when he was not allowed to introduce evidence that would have provided another explanation for the injury to the seven-year-old complainant's hymenal ring); <u>Douglas v. State</u>, 797 S.W.2d 532, 534 (Mo. Ct. App. 1990)(finding constitutional error when the prosecution presented expert medical proof of the complainant's hymenal condition and the trial court precluded the defendant from presenting proof to establish that the complainant had engaged in sexual intercourse with another person before the defendant allegedly assaulted her); <u>State v. Jalo</u>, 557 P.2d 1359, 1362 (Or. Ct. App. 1976) (concluding that the defendant's confrontation rights were violated when the rape shield law prevented him from proving the complainant's motive to lie about her sexual activity with the defendant); <u>Commonwealth v. Black</u>, 487 A.2d 396, 400 (Pa. Super. Ct. 1985) (holding that the defendant's confrontation rights were violated when he was prevented from showing that the complainant accused him of rape to get out of the house so that she could resume sexual activity with another person); <u>State v. Pulizzano</u>, 456 N.W.2d 325, 335 (Wis. 1990)(holding that the defendant's constitutional right to present a defense was violated by the trial court's exclusion of defense evidence that the child complainant's sexual knowledge resulted from a previous sexual assault); <u>Taque v. Richardson</u>, 3 F.2d 1133, 1139 (7th Cir. 1993) (finding constitutional error when the prosecution presented evidence of hymenal injury and the trial court precluded the defendant from showing that the complainant's father had molested her several times prior to the alleged assault involving the defendant); <u>United States v. Begay</u>, 937 F.2d 515, 523 (10th Cir. 1991) (holding that the defendant's confrontation rights required admission of the complainant's testimony on cross-examination about past sexual activity with a third person and of the physician's testimony about the complainant's condition being consistent with proof that a third person had sexual intercourse with the complainant); <u>see</u> <u>generally</u> Annotation, <u>Constitutionality of "Rape Shield" Statute Restricting Use of Evidence of Victim's Sexual Experiences</u>, 1 A.L.R. 4th 283 (1980 & Supp. 1998);

The facts of each case must be considered carefully to determine whether the constitutional right to present a defense has been violated by the exclusion of evidence. Generally, the analysis should consider whether: (1) the excluded evidence is critical to the defense; (2) the evidence bears sufficient indicia of reliability; and (3) the interest supporting exclusion of the evidence is substantially important. See Chambers, 410 U.S. at 298-301, 93 S. Ct. at 1047-49.[13]

Applying this test to the facts of this case, we are of the opinion that the hearsay testimony Brown sought to introduce--that the complainant admitted to two friends that she had sexual intercourse with an adolescent male during the same time period the defendant allegedly committed aggravated rape--should have been

Annotation, Admissibility of Evidence that Juvenile Prosecuting Witness in Sex Offense Case had Prior Sexual Experience for Purposes of Showing Alternative Source of Child's Ability to Describe Sex Acts, 83 A.L.R. 4th 685 (1991 & Supp. 1998).

[13]Relying upon Montana v. Egelhoff, 518 U. S. 37, 116 S. Ct. 2013, 135 L.Ed.2d 361 (1996), the dissent asserts that Chambers has been limited to its facts and announced no principle of law that is generally applicable. The dissent apparently fails to recognize that Justice Scalia's opinion in Egelhoff, which purported to limit Chambers, did not garner a majority and was joined by only three other justices, Chief Justice Rehnquist and Justices Kennedy and Thomas. While Justice Ginsburg filed a separate opinion concurring in the judgment reached by Justice Scalia's plurality, she expressed absolutely no opinion on Chambers and its progeny. However, Justice O'Connor filed a dissenting opinion strongly disagreeing with Justice Scalia's characterization of Chambers. Justices Stevens, Souter, and Breyer joined Justice O'Connor in dissent. Two years later a clear majority of the Court rejected Justice Scalia's characterization of Chambers by recognizing that a defendant has a constitutional right to present a defense and by stating that the right is not violated so long as evidentiary rules "are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" Scheffer, 523 U.S. at 303, 118 S. Ct. at 1264 (quoting Rock, 483 U.S. at 56, 107 S.Ct. at 2711). Accordingly, the dissent's suggestion that the United States Supreme Court has limited Chambers to its facts and repudiated its holding that a defendant has a constitutional right to present a defense is wholly without merit. While the rule announced in Chambers requires fact-specific, case-by-case application, the general principle remains sound.

admitted.  As previously stated herein, the testimony Brown sought to introduce was clearly relevant to rebut the State's medical proof of the complainant's physical condition and met the threshold admissibility standard of Tennessee Rule of Evidence 412. Moreover, courts considering similar issues have explained that when proof of hymenal injury is offered in a sexual assault or abuse case involving a child complainant, rebuttal proof of prior sexual experience is particularly critical to the defense since it offers the jury an alternative explanation for the hymenal injury. In the absence of such rebuttal proof, most jurors will presume that the child is sexually innocent and attribute the hymenal damage to the alleged criminal act.  Taque, 3 F.3d at 1138; State v. Reinart, 440 N.W.2d 503, 505 (N.D. 1989); State v. Howard, 426 A.2d 457, 462 (N.H. 1981); People v. Haley, 395 N.W.2d 60, 62 (Mich. Ct. App. 1986).  Therefore, the proof sought to be introduced in this case was substantially critical to the defense.

Next, though the evidence sought to be introduced is hearsay, it appears to be reliable.  Both A. L. and E. G. were friends with the complainant around the time of the alleged incident.  Nothing in the record indicates that these witnesses had any animosity toward the complainant or any other motive to fabricate the statement.  One of the defense witnesses would have testified that the complainant had twice admitted to her that she [the complainant] had been having sex with an adolescent male. This hearsay proof would have been corroborated by the non-hearsay proof of A. L. and E. G. who were also prepared to testify that they had observed the complainant kissing and fondling the same adolescent male and that they had observed W. S. touching the

14

complainant's breast and buttocks around the time of the alleged criminal incident.[14]

The admissibility of the evidence Brown seeks to offer in this case is buttressed by its similarity to evidence that is presently admissible, under Tenn. R. Evid. 803(1.2)(A), as an admission by a party opponent. This rule permits a hearsay declaration which is "the party's own statement in either an individual or a representative capacity" to be entered into evidence. While the State is technically the "party" in a criminal case, the complainant in a criminal case is analogous to a party. Since the hearsay evidence proffered by Brown in this case was the out-of-court statement of the complainant, such testimony is quite similar to hearsay evidence which is currently admissible under Rule 803(1.2)(A). By so stating, we are not suggesting that the proof in this case should have been admitted as an admission by a party opponent, nor are we holding that the complaining witness in a criminal case is a party for purposes of Rule 803 (1.2)(A). The similarity of the evidence sought to be introduced by the defendant to evidence currently admissible pursuant to a firmly rooted hearsay exception is significant and mentioned because firmly rooted hearsay exceptions have inherent reliability. Therefore, the reliability of the proffered testimony is evidenced, in part, by its similarity to an existing firmly rooted hearsay exception.[15]

---

[14]We emphasize that the trial court may consider this evidence of sexual behavior outside the presence of the jury for determining the reliability of the victim's statement that she had engaged in sexual intercourse. The only evidence directly relevant to the rebuttal of the state's evidence of injury to the victim's hymen, however, and therefore admissible under the proper analysis, is the victim's statement regarding sexual intercourse.

[15]The dissent's suggestion that the excluded evidence more closely resembles a declaration against interest is incorrect. The statement was not at the time of its making, nor is it now, a

15

Furthermore, the dissent's assertion that the evidence is unreliable because "children and teenagers may be prone to fabricate or exaggerate both the status of their consensual sexual activity and their sexual prowess" is a broad generalization that simply finds no support in the record in this case. Rather than relying upon broad generalizations, we prefer to allow a jury to make credibility determinations.

Because the proffered evidence fits within one of the exceptions to the rape shield rule, the interest supporting exclusion of the evidence is based solely on the hearsay rule.[16] The hearsay rule has "long been recognized and respected by virtually every State" and "is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the triers of fact." Chambers, 410 U.S. at 298, 93 S. Ct. at 1047. However, given the fact that the evidence sought to be admitted in this case has considerable assurances of reliability and is actually very similar to evidence that is permitted as an exception

---

declaration against the pecuniary, proprietary, or penal interest of the complainant. See Tenn. R. Evid. 804(b)(3)("A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability . . . .")(emphasis added). Moreover, the dissent's assertion that the evidence was admitted in Chambers only because the declarant was unavailable to testify is inaccurate. As in this case, the declarant in Chambers was present in the courtroom. See Chambers, 410 U.S. at 300-01, 93 S.Ct. at 1048.

[16]It is interesting that some courts, in cases involving an underage rape complainant, have held that the state has no substantial interest in excluding evidence of prior sexual activity under rape shield laws when such evidence is being offered to prove an alternative source of injury. Rape shield laws were intended to exclude evidence that has little probative value but great capacity to embarrass and distract. In child complainant cases, evidence of prior sexual activity offered to rebut the State's medical proof has great probative value and minimal capacity to embarrass or distract since the inquiry is so limited. See Taque, 3 F.3d at 1138-39.

to the hearsay rule, the State's interest in enforcing the hearsay rule to exclude the evidence is substantially less than Brown's compelling interest in presenting the evidence.

Considering the foregoing analysis, we conclude that Brown's constitutional right to present a defense was violated by exclusion of the proffered hearsay evidence. Excluding the proffered evidence essentially deprived Brown of an opportunity to present to the jury critical evidence of an alternative explanation for the complainant's hymenal injury. In the absence of this evidence, the jury no doubt attributed the complainant's physical condition to Brown's alleged criminal conduct. As previously noted, when the prosecution relies upon evidence of a complainant's physical condition in a sexual assault/abuse case involving an underage rape complainant, defense evidence that provides an alternative explanation for the condition is particularly critical. Indeed, the only evidence which made this case more than a pure credibility contest was the State's expert proof of physical injury to the complainant. Significantly, the State's own medical expert conceded on cross-examination that the physical injury he observed was consistent with the complainant engaging in a consensual sexual encounter with an adolescent male. Under such circumstances, depriving the defendant of the right to present critical, reliable hearsay evidence of an alternative explanation for the injury is constitutional error. We are unable to conclude that error was harmless beyond a reasonable doubt in this case. Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967); State v. Howell, 868 S.W.2d 238 (Tenn. 1993).

Finally, we reiterate that, contrary to the dissent's exaggerated assertion, our holding does not effectively "abolish our rule against hearsay and potentially abolish other evidentiary rules, such as the rape shield law which as a matter of policy, preclude admissibility of specific and relevant evidence." Our holding is neither novel nor far-reaching. Indeed, Tenn. R. Evid. 412 expressly recognizes that the Constitution may, in certain circumstances, mandate admission of proof that is otherwise inadmissible. We simply apply a long-established rule and hold that when, in a particular case, the rule against hearsay operates to deprive a defendant of his or her right to present relevant and reliable evidence that is critical to establish a defense, the rule against hearsay must yield to the defendant's constitutional right to present a defense.

III

To summarize, we conclude that Brown waived the right to cross-examine the complainant about her prior sexual behavior; therefore, no right under the confrontation clause is implicated. We conclude, also, that the testimony of the complainant's friends about the complainant's sexual history satisfies the relevancy test of our rape shield rule. Although this testimony violates the rule against hearsay, admission of the proof is nonetheless required to satisfy Brown's constitutional right to present a defense. Accordingly, the judgment of the Court of Criminal Appeals is reversed, Brown's conviction is vacated, and the case is remanded for a new trial. Costs shall be assessed against the State.

18

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, J.

DISSENT:

Holder, Barker, JJ.