IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 8, 2020

## STATE OF TENNESSEE V. OCTAVIOUS WRIGHT

**Appeal from the Criminal Court for Shelby County**
**No. 16-04160       Jennifer Johnson Mitchell, Judge**

_____

## No. W2019-00559-CCA-R3-CD
_____

The Shelby County Grand Jury indicted the Defendant-Appellant, Octavious Wright, for the rape of A.B.,[1] a person more than three years of age but less than thirteen years of age (Count 1); the aggravated sexual battery of A.B., a person less than thirteen years old (Count 2); the rape of A.G., a person more than three years of age but less than thirteen years of age (Count 3); and the aggravated sexual battery of A.G., a person less than thirteen years of age (Count 4). Prior to trial, the charges pertaining to the two victims, A.B. and A.G., were severed, and the trial proceeded as to Counts 1 and 2.[2] After the proof was presented at trial, the trial court[3] instructed the jury that the offense of aggravated sexual battery charged in Count 2 was a lesser included offense of rape of a child charged in Count 1, and a nolle prosequi was entered as to Count 2. At the conclusion of trial, the jury convicted Wright as charged in Count 1, and the trial court subsequently imposed a thirty-five-year sentence. On appeal, Wright argues: (1) the trial court erred in excluding from evidence a Tennessee Child Protective Services investigative report on the grounds that the report was inadmissible hearsay, not relevant, and speculative; and (2) the exclusion of this investigative report violated his due process right to present a defense. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

---

[1] It is the policy of this court to identify minor victims of sexual abuse by their initials only.

[2] Although the appellate record does not include a motion or order regarding severance of these charges, the transcript of the sentencing hearing shows that Counts 3 and 4 were severed from Counts 1 and 2.

[3] While Judge Jennifer Smith Nichols presided over Wright's trial and sentencing hearing, Judge Jennifer Johnson Mitchell heard Wright's motion for judgment of acquittal, or, in the alternative, motion for new trial and entered the judgment of conviction and order denying the motion for new trial in this case.

David R. Huggins (on appeal) and Randal Rhea (at trial), Memphis, Tennessee, for the Defendant-Appellant, Octavious Wright.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy Weirich, District Attorney General; and Devon Lepeard and Michael R. McCusker, Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

The proof presented at trial established that the Defendant-Appellant, Octavious Wright, was the boyfriend of A.B.'s mother. At the time of the incident in this case, A.B.'s mother was in jail and her four children, including A.B., were living with Wright. A.B., who was eight years old at the time of trial, testified that when she was five years old, Wright followed her into the bathroom, told her to "pull down [her] pants," and then "put his private up in [her] private." She said Wright attempted to put his penis in her "front part," but "[she] told him it hurt, so he put it in [her] back part."[4] A.B. said that immediately after this incident, Wright "told [her] don't tell nobody" and gave her a piece of candy.

The State also presented testimony from Carla Frisbie, a Child Protective Services Investigator with the Department of Children's Services (DCS); Yolanda Martin, the principal at A.B.'s school; Daniel Ford, the assistant principal at A.B.'s school; Margaret Elizabeth Porter, a kindergarten teacher at A.B.'s school; Lieutenant Frankie Lanton, an officer with the Sex Crimes Unit of the Memphis Police Department; Amanda Taylor, the Sexual Assault Nurse Examiner with the Memphis Rape Crisis Center; and Patricia Lewis, a Forensic Interview Supervisor at the Memphis Child Advocacy Center. A recording of A.B.'s forensic interview was admitted into evidence and played for the jury. Wright did not to testify at trial. Because of a summary of all the testimony presented at trial is not relevant to the two issues raised on appeal, we will only summarize the evidence that directly relates to these issues.

At the conclusion of trial, the jury convicted Wright of the rape of A.B., as charged in Count 1. At the sentencing hearing on June 29, 2018, the trial court imposed a thirty-five-year sentence, and on July 25, 2018, Wright filed a timely Motion for Judgment of Acquittal, or, in the Alternative, Motion for New Trial, asserting several issues, including the following issue relevant to this appeal:

---

[4] At the conclusion of proof, the State elected the offense in Count 1 as the rape of A.B. "[i]n which the defendant anally penetrated [A.B.] while she was positioned in the bathroom over the toilet at age five." In light of this election, we have not summarized A.B.'s testimony regarding the other incidents of sexual abuse by Wright.

The Court committed reversible error by granting the State's hearsay objection to Defense Counsel's cross-examination of State's witness Carla Frisbie concerning her interviews during the investigation, although the reports of these interviews were contained in case summaries that are records of regularly recorded activity by the Tennessee Department of Children's Services. Defense respectfully maintains that such questioning should have been allowed in accordance with Tennessee Rules of Evidence 803(6).

At the February 28, 2019 hearing on this motion, the trial court noted that Wright had filed an amended motion for new trial that morning, although the amended motion is not included in the appellate record. At the motion hearing, Wright only argued that the evidence was insufficient to sustain his rape conviction. At the conclusion of this hearing, the trial court addressed only the sufficiency of the evidence issue before denying the motion for judgment for acquittal and motion for new trial. Wright then filed a premature Notice of Appeal on March 28, 2019. See Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof."). The trial court entered its judgment for the rape conviction on May 29, 2019, and then entered an order generally denying Wright's motion for new trial on June 4, 2019.

## ANALYSIS

**I.  Exclusion of Evidence.**  Wright argues that "[t]he trial court erred in excluding a Tennessee Child Protective Services investigative report on the grounds that it was inadmissible hearsay, not relevant, and speculative." Wright acknowledges that he only sought admission of this report because it contained a statement from Family Service Worker Justice[5] that "she believed the birthmother [A.B.'s mother] was trying to put words in the mouth[s] of her children," which he believed would help his defense. First, Wright contends that the report was not inadmissible hearsay because it qualified as a business record exception to the hearsay rule pursuant to Tennessee Rule of Evidence 803(6). Alternatively, he argues, effectively conflating his first issue with his second issue, that even if the report is hearsay for which no exception applies, the trial court should have admitted it because the report was sufficiently reliable and was critical to his

_____

[5] The record on appeal does not contain the first name of Family Service Worker Justice.

- 3 -

defense. See State v. Brown, 29 S.W.3d 427, 434 (Tenn. 2000). Next, Wright asserts that the report was both relevant and admissible because proof that a family service worker believed "the birthmother was trying to put words in the mouth[s] of her children" would have made it "less probable" that he committed the offense for which he was convicted pursuant to Rule 401 and because none of the grounds for exclusion in Rule 403 applied. Lastly, Wright maintains that this record, including Justice's statement, was not speculative because Rule 602 does not require "absolute certainty." State v. Land, 34 S.W.3d 516, 529 (Tenn. Crim. App. 2000).

The State counters that the trial court properly determined that the statement of Family Service Worker Justice was inadmissible hearsay, even though this statement was included in a report that could be considered a record of a regularly conducted activity under Tennessee Rule of Evidence 803(6). We conclude that even if Justice's statement qualifies under the business record exception, assuming she was a person with knowledge and a duty to transmit her opinion to Investigator Frisbie, Justice's statement was not relevant because it concerned an allegation of abuse by someone other than Wright, and, therefore, was inadmissible.

At Wright's trial, the State presented Carla Frisbie, a Child Protective Services Investigator for DCS, who testified about her investigation into A.B.'s allegation that Wright had raped her. On cross-examination, defense counsel attempted to ask Investigator Frisbie about a particular statement from Family Service Worker Justice that was included in her report. This report, which was entitled "Tennessee Department of Children's Services Case Recording Summary," included the following narrative completed by Investigator Frisbie on February 5, 2016:

> This [Children's Protective Services Investigator] CPSI spoke with [Family Service Worker] FSW Justice about the screen out. FSW Justice stated that she frequently speaks with the children about their safety in their resource home. She stated none of the children had ever told her that they were being abused by [A.B.'s foster mother]. She stated that she was with [T.B.] at the time and asked him about the allegations. She stated that [T.B.] denied he was being abused. **FSW Justice stated she believed the birthmother was trying to put words in the mouth[s] of her children.**

Specifically, defense counsel asked Investigator Frisbie, "When you spoke with [Family Service Worker] Justice did she tell you that she believed—," and the State immediately objected on the basis that Investigator Frisbie's testimony about Justice's statement would be inadmissible hearsay. However, defense counsel argued that Justice's

statement was admissible under the hearsay exception in Rule 803(6) for records of a regularly conducted activity. The trial court, after considering the substance of this report, sustained the State's objection, noting that although defense counsel could have had Family Service Worker Justice testify about whether she made this statement, Justice's statement in the report was not admissible. The court said that Justice's statement was "more than just hearsay" because it was "speculation on the part of Justice saying she thinks this." When defense counsel insisted that Justice's statement itself should also be admissible under the hearsay exception for records of a regularly conducted activity, the trial court stated, "No. Just because there's [a] hearsay exception . . . doesn't mean other things come in." At that point, the State argued that Justice's statement was not relevant to this case because it referred to an allegation of abuse by A.B.'s foster mother, not Wright, and the court agreed, stating, "I don't see the relevance." The court later allowed the defense to include the report in an offer of proof that was not be seen by the jury. The defense specifically marked the following sentence from the narrative as the evidence for which they sought admission at trial: "FSW Justice stated she believed the birthmother was trying to put words in the mouth[s] of her children."

In determining whether a statement is hearsay and, if so, whether it fits within one of the hearsay exceptions, a trial court may make factual findings and credibility determinations in ruling on an evidentiary motion, and "these factual and credibility findings are binding on a reviewing court unless the evidence in the record preponderates against them." Kendrick v. State, 454 S.W.3d 450, 479 (Tenn. 2015) (citing State v. Gilley, 297 S.W.3d 739, 759-61 (Tenn. Crim. App. 2008)). However, "[o]nce the trial court has made its factual findings, the next questions—whether the facts prove that the statement (1) was hearsay and (2) fits under one of the exceptions to the hearsay rule— are questions of law subject to de novo review." Id. (citing State v. Schiefelbein, 230 S.W.3d 88, 128 (Tenn. Crim. App. 2007); Keisling v. Keisling, 196 S.W.3d 703, 721 (Tenn. Ct. App. 2005)).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). "Hearsay is not admissible except as provided by these rules or otherwise by law." Tenn. R. Evid. 802. Even if a statement qualifies as a hearsay exception or is non-hearsay, it must be relevant to be admissible. Tenn. R. Evid. 402. Evidence is considered relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. However, evidence that is relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

evidence." Tenn. R. Evid. 403. The Tennessee Supreme Court has defined unfair prejudice as "'[a]n undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one.'" State v. Mitchell, 343 S.W.3d 381, 389 (Tenn. 2011) (quoting State v. Banks, 564 S.W.2d 947, 951 (Tenn. 1978)). "If a trial court excludes otherwise admissible hearsay on the basis of Rule 401, 402, or 403, this determination is reviewed for abuse of discretion." Kendrick, 454 S.W.3d at 479-80.

We agree with the State that the report itself is hearsay because it is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). This report, which was written by Investigator Frisbie, also contains the statement of Family Service Worker Justice, which adds another level of hearsay. Accordingly, we must consider Tennessee Rule of Evidence 805, which concerns "hearsay within hearsay." Rule 805 states that "[h]earsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules or otherwise by law." Tenn. R. Evid. 805. We also recognize that while the report itself may have been admissible as a record of a regularly conducted activity under Rule 803(6),[6] or a public record or report under Rule 803(8),[7] the statement made by

---

[6] Tennessee Rule of Evidence 803(6) states that the following records are not excluded by the hearsay rule:

> **Records of Regularly Conducted Activity**. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses made at or near the time by or from information transmitted by a person with knowledge and a business duty to record or transmit if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness or by certification that complies with Rule 902(11) or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, profession, occupation, and calling of every kind, whether or not conducted for profit.

Tenn. R. Evid. 803(6); see Arias v. Duro Standard Prod. Co., 303 S.W.3d 256, 262-63 (Tenn. 2010) (recognizing that "[t]he purpose of this hearsay exception is to permit the use of inherently trustworthy business records at trial by eliminating the expense and inconvenience that would result from requiring the testimony of everyone involved in the preparation and maintenance of such records") (providing five criteria that must be satisfied in order for a document to be admissible under the business records exception).

[7] Tennessee Rule of Evidence 803(8) states that the following are not excluded by the hearsay rule:

> **Public Records and Reports.** Unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness, records, reports,

Family Service Worker Justice that is contained within this report must also meet an exception to the hearsay rule in order to be admissible. See Tenn. R. Evid. 805; State v. Howard, 504 S.W.3d 260, 278 (Tenn. 2016) ("While the trial court properly concluded that the reports were admissible as business records, the statements made by the victims contained within the reports must also satisfy an exception to the hearsay rule to be admissible.").

Clearly, the statement made by Family Service Worker Justice is also "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). The record shows that the defense wanted to offer Justice's statement to cast doubt on the victim's identification of Wright as the perpetrator in this case by suggesting that "the birthmother was trying to put words in the mouth[s] of her children." However, considering the report as a whole, Justice's statement relates to an allegation of abuse against the children's foster mother, and not to the allegation of abuse by the Defendant-Appellant, Octavious Wright. Even if we conclude that Justice's statement qualifies under the records of a regularly conducted activity exception (in the event that Justice was a person with knowledge and a business duty to transmit her opinion) or qualifies under the public records and reports exception, Justice's statement is not relevant to Wright's case because it concerns an allegation of abuse committed by A.B.'s foster mother, not Wright. Accordingly, we conclude that the trial court properly excluded Justice's statement, and Wright is not entitled to relief on this issue.

**II. <u>Violation of Due Process Right to Present a Defense.</u>** Wright also contends that the trial court's exclusion of the Tennessee Child Protective Services investigative report, which included Family Service Worker Justice's aforementioned statement, violated his due process right to present a defense. Citing State v. Flood, 219 S.W.3d 307, 316 (Tenn. 2007), he claims that exclusion of the report amounted to a constitutional violation because the report was critical to his defense, because it bore sufficient indicia of reliability, and because there was no substantially important interest in excluding it. He also contends, citing Brown, 29 S.W.3d at 432, that because the trial court's application of the rules of evidence in this case was disproportionate to their intended purpose, the exclusion of the report violated his right to present a defense. In response, the State counters that Wright has failed to show that the exclusion of this evidence violated his due process right to present a defense. We agree with the State.

---

statements, or data compilations in any form of public offices or agencies setting forth the activities of the office or agency or matters observed pursuant to a duty imposed by law as to which matters there was a duty to report, excluding, however, matters observed by police officers and other law enforcement personnel.

Tenn. R. Evid. 803(8).

The record does not show that Wright specifically raised this due process issue regarding the exclusion of this report at trial or in his motion for new trial. Although he argued in his July 25, 2018 motion for judgment of acquittal, or in the alternative, motion for new trial that the report, including Justice's statement, was admissible under the hearsay exception in Rule 803(6), Wright never argued that exclusion of the report violated his due process right to present a defense. Nevertheless, the motion hearing transcript indicates that Wright filed an amended motion for new trial on February 28, 2019, which is not included in the appellate record. Because Wright generally raised the issue of exclusion of this report and because he filed an amended motion for new trial that may have included this specific claim, we will address this issue on the merits.

The Tennessee Supreme Court has recognized that "[p]rinciples of due process require that a defendant in a criminal trial have the right to present a defense and to offer testimony." Flood, 219 S.W.3d at 315-16 (citing Chambers v. Mississippi, 410 U.S. 284, 294 (1973); Brown, 29 S.W.3d at 431). In Washington v. Texas, the United States Supreme Court reiterated that the right to present a defense is a fundamental element of due process:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

388 U.S. 14, 19 (1967).

Nevertheless, the right to present evidence and witnesses is not absolute. Brown, 29 S.W.3d at 432. An accused, in exercising this right, must comply with the established rules of procedure and evidence, which are "designed to assure both fairness and reliability in the ascertainment of guilt and innocence." Chambers, 410 U.S. at 302. "So long as the rules of procedure and evidence are not applied arbitrarily or disproportionately to defeat the purposes they are designed to serve, these rules do not violate a defendant's right to present a defense." Flood, 219 S.W.3d at 316.

Generally, an evidentiary ruling does not rise to the level of a constitutional violation. State v. Rice, 184 S.W.3d 646, 673 (Tenn. 2006). However, "the erroneous exclusion of evidence that thwarts a criminal defendant's right to present a defense is constitutional error." State v. Bell, 512 S.W.3d 167, 190-91 (Tenn. 2015) (citing Rice, 184 S.W.3d at 673; Brown, 29 S.W.3d at 436). In determining whether the exclusion of evidence violates a defendant's constitutional right to present a defense, this court must consider:

(1) Whether the excluded evidence is critical to the defense;

(2) Whether the evidence bears sufficient indicia of reliability; and

(3) Whether the interest supporting exclusion of the evidence is substantially important.

Flood, 219 S.W.3d at 316 (citing Brown, 29 S.W.3d at 434-35; Rice, 184 S.W.3d at 673; State v. Rogers, 188 S.W.3d 593, 614 (Tenn. 2006)).

After considering the criteria specified in Flood, we conclude that the exclusion of Justice's statement did not violate Wright's due process rights. Although Justice's statement may have had some indicia of reliability, if she was a person with knowledge and a business duty to transmit her opinion to Investigator Frisbie, this evidence was not critical to Wright's defense because Justice's statement concerned an allegation of abuse committed by A.B.'s foster mother, not Wright. Moreover, we conclude that the interests supporting the exclusion, namely that Justice's statement was not relevant to Wright's case and could have confused or misled the jury, were substantially important. Accordingly, we conclude that the exclusion of this evidence did not violate Wright's due process right to present a defense.

## CONCLUSION

Based on the record as well as the aforementioned authorities and reasoning, the judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE