IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2002

## STATE OF TENNESSEE v. COLLIN J. JOHNSON and JASON S. PORTERFIELD[1]

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-49523 A& B      James K. Clayton, Jr., Judge**

-------------------

**No. M2001-01973-CCA-R9-CD - Filed May 15, 2002**

-------------------

The state brings this interlocutory appeal in which it challenges the order of the Rutherford County Circuit Court authorizing the admission into evidence of certain testimony relating to the prior sexual behavior of the alleged rape victim. We affirm in part, reverse in part, and remand for further proceedings.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed in Part; Reversed in Part; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Paul A. Holcombe, III and John W. Price, III, Assistant District Attorneys General, for the appellant, State of Tennessee.

John G. Mitchell, Jr. and John G. Mitchell, III, Murfreesboro, Tennessee, for the appellee, Jason S. Porterfield.

-------------------

[1]Jason S. Porterfield is the only defendant who addressed the subject issues in the trial court and in this court. We also note there was a third defendant, Craig R. Tucker, who entered a negotiated plea of guilty to a lesser charge before this appeal was granted. Even though defendant Porterfield is the only defendant addressing this issue, we will continue to use the style of the case as designated in the application for interlocutory appeal, which includes the name of co-defendant Johnson.

## OPINION

## PROCEDURAL BACKGROUND

The defendant, Jason S. Porterfield, was indicted along with the co-defendants, Collin J. Johnson and Craig R. Tucker, on eight counts of aggravated rape and one count of aggravated kidnapping. The alleged victim, who was a high school senior at the time of the preliminary hearing, testified at that hearing that she had known the defendant through school and considered him a friend. She said that on July 27, 2000, the defendant asked her to come to his house to visit him and the two co-defendants, whom she did not know. She testified she consumed several shots of Tequila at their insistence. She stated Johnson and the defendant held her down on the bed while Tucker penetrated her digitally and vaginally. She further stated Johnson attempted to force her to engage in fellatio. She testified the defendant kissed her chest and stomach, but never penetrated her. Eventually, she went home, reported the incident to her mother, and went to the hospital.

The defendant filed a pretrial motion pursuant to Rule 412 of the Tennessee Rules of Evidence requesting he be allowed to present evidence of the alleged victim's prior sexual behavior. Neither of the co-defendants filed a similar motion. After the hearing on the defendant's motion but prior to the trial court's ruling, co-defendant Tucker entered a negotiated plea of guilty to rape.

The trial court granted the defendant's motion in regard to the following proffered evidence, all of which the alleged victim denied at the pretrial motion hearing: (1) the alleged victim performed fellatio upon the defendant on a prior occasion; (2) the alleged victim falsely told a prior sexual partner she was pregnant; (3) the alleged victim previously and purposefully had sex while she had a sexually transmitted disease; (4) the alleged victim falsely told a friend she had previously been raped; and (5) the alleged victim previously participated in three-party sex.

Upon entry of the trial court's order, the state sought the permission of the trial court to seek an interlocutory appeal, which the trial court granted. *See* Tenn. R. App. P. 9(b). Subsequently, this court granted the interlocutory appeal. *Id.* Only the defendant Porterfield, not co-defendant Johnson, has participated in the appeal. Our ruling only relates to the defendant Porterfield, as he was the only defendant to file a Rule 412 motion. Any reference in this opinion to the "defendant" is to Jason S. Porterfield.

## RULE 412

Rule 412 of the Tennessee Rules of Evidence generally excludes, during a trial for certain sexual offenses, evidence of the sexual behavior of the alleged victim, other than the sexual act at issue. Tenn. R. Evid. 412(a), (c). The rule is commonly referred to as the "rape shield" rule. *See* State v. Sheline, 955 S.W.2d 42, 43 (Tenn. 1997). The rule recognizes intrusions into the irrelevant

sexual conduct of a victim is not only prejudicial and embarrassing, but also a barrier to the reporting of sexual offenses. *Id*. at 44-45. However, the rule allows such evidence to be admitted where it is:

> (1) Required by the Tennessee or United States Constitution, or
>
> (2) Offered by the defendant on the issue of credibility of the victim, provided the prosecutor or victim has presented evidence as to the victim's sexual behavior, and only to the extent needed to rebut the specific evidence presented by the prosecutor or victim, or
>
> (3) If the sexual behavior was with the accused, on the issue of consent, or
>
> (4) If the sexual behavior was with persons other than the accused,
> > (i) to rebut or explain scientific or medical evidence, or
> >
> > (ii) to prove or explain the source of semen, injury, disease, or knowledge of sexual matters, or
> > (iii) to prove consent if the evidence is of a pattern of sexual behavior so distinctive and so closely resembling the accused's version of the alleged encounter with the victim that it tends to prove that the victim consented to the act charged or behaved in such a manner as to lead the defendant reasonably to believe that the victim consented.

Tenn. R. Evid. 412(c).

As recognized by Rule 412(c)(1), there are instances where otherwise inadmissible evidence must be admitted in order to protect the constitutional rights of the accused. *See* Chambers v. Mississippi, 410 U.S. 284, 295-96, 93 S. Ct. 1038, 1046, 35 L. Ed. 2d 297 (1973); State v. Brown, 29 S.W.3d 427, 436 (Tenn. 2000). Our state supreme court has stated:

> The facts of each case must be considered carefully to determine whether the constitutional right to present a defense has been violated by the exclusion of evidence. Generally, the analysis should consider whether: (1) the excluded evidence is critical to the defense; (2) the evidence bears sufficient indicia of reliability; and (3) the interest supporting exclusion of the evidence is substantially important.

Brown, 29 S.W.3d at 433-34 (citing Chambers, 410 U.S. at 298-301). This court must consider and balance the principles of relevance and hearsay under the Tennessee Rules of Evidence with the rights of the accused to confront and cross-examine witnesses and to call witnesses in his defense when determining whether the evidence is admissible.

**CONSENT**

The state initially contends the admissibility of the proffered evidence of the alleged victim's prior sexual behavior is clearly inadmissible if the defendant does not rely on the alleged victim's consent as a defense. It contends the trial court's ruling was, therefore, premature.

The defendant, in the memorandum of law and facts filed in the trial court to support his motion, indicated his intent to submit the evidence as part of a consent defense. Therefore, based on this representation by the defendant to the trial court, this court assumes the defendant will be presenting such a defense. Our holdings are based upon this assumption.

## 1. EVIDENCE THAT DEFENDANT AND ALLEGED VICTIM PREVIOUSLY ENGAGED IN ORAL SEX

At the pretrial hearing, the defendant testified the alleged victim voluntarily performed fellatio on him at the victim's home several months prior to the alleged offenses. The alleged victim testified she did not engage in any sexual activity with the defendant during his visit to her home; instead, she stated the defendant kissed her once. The trial court held the defendant's testimony about the incident would be admissible at trial. On appeal, the state contends the defendant should not be allowed to testify about this alleged incident; the defendant should not be allowed to cross-examine the alleged victim concerning the incident; and a witness should not be allowed to testify that the alleged victim admitted that the incident occurred.

### A. Defendant's and Alleged Victim's Testimony

The state contends the defendant should be prohibited from testifying about alleged prior oral sex with the alleged victim, and any cross-examination of the alleged victim concerning the alleged incident should likewise be barred. The state conceded in the trial court, and we agree, that the defendant's testimony concerning this alleged incident is admissible. Furthermore, the state cannot now take an inconsistent position; therefore, this issue is waived. *See* State v. Dooley, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000). In addition, we conclude the victim may be cross-examined concerning this alleged incident since it is relevant to the issue of consent. *See* Tenn. R. Evid. 412(c)(3).

### B. Extrinsic Evidence

The state also challenges other testimony relating to whether the alleged victim previously had oral sex with the defendant. Leah Brown, a mutual friend of the defendant and the alleged victim, testified at the hearing the alleged victim told her she performed oral sex upon the defendant at the victim's home. The alleged victim denied having oral sex with the defendant and denied making such a statement to Brown. The trial court ruled Brown's testimony was admissible.

-4-

Leah Brown's testimony that the alleged victim described a consensual sexual encounter with the defendant, like the defendant's testimony, is admissible on the issue of consent under Rule 412(c)(3) since it is evidence of the alleged victim's sexual behavior with the defendant. However, Brown's testimony about the alleged victim's statement is hearsay, an out-of-court statement offered to prove the truth of the matter asserted in the statement. Tenn. R. Evid. 801(c). Hearsay is not admissible as evidence unless it qualifies as an exception "or otherwise by law." Tenn. R. Evid. 802. Although it is similar to a statement by a party, a statement made by a complainant in a criminal case does not technically qualify under the admission of a party hearsay exception. *See* Tenn. R. Evid. 803(1.2)(A); Brown, 29 S.W.3d at 435. However, our inquiry does not end there. We must now determine whether the defendant should, nonetheless, be allowed to introduce the evidence in order to protect his constitutional right to call witnesses in his own behalf and present a defense.

Therefore, we must determine: (1) whether evidence of the victim's statement regarding oral sex with the defendant is critical to the defense; (2) whether the evidence bears sufficient indicia of reliability; and (3) whether the interest supporting the exclusion of the evidence under the hearsay rule is substantially important. *See* Brown, 29 S.W.3d at 434.

First, as indicated by the exception set forth in Tennessee Rule of Evidence 412(c)(3), evidence that the defendant's accuser has previously engaged in consensual sexual behavior with the defendant is relevant to the issue of consent. Assuming the defendant argues the victim's consent as a defense, Leah Brown's testimony that the alleged victim said she and the defendant previously engaged in consensual sexual behavior would be critical to the defense. Further, the evidence bears sufficient indicia of reliability. Brown testified the alleged victim and the defendant told her about their encounter months before charges were brought against the defendant. Though a crime victim's statement is not admissible hearsay, our state supreme court stated it is similar to an admission by a party opponent, a firmly rooted hearsay exception. *See* Brown, 29 S.W.3d at 435. The statement is sufficiently reliable, and the state's interest in excluding the evidence is substantially less than the defendant's compelling interest in presenting such evidence. *Id*. The trial court did not err in authorizing the admission of this evidence.

## 2. EVIDENCE THAT ALLEGED VICTIM WAS UNTRUTHFUL REGARDING PREGNANCY

Leah Brown also testified at the hearing the alleged victim said she had sex with a co-worker. According to Brown, the alleged victim said she falsely told the co-worker she was pregnant because she was angry with him. The alleged victim admitted she had a sexual relationship with her co-worker, denied telling him she was pregnant, and denied making the statement to Leah Brown. The trial court ruled Brown's testimony was admissible because it "bears on the victim's credibility."

The state argues this evidence is inadmissible under Tennessee Rule of Evidence 412 and does not qualify for admission under the factors enumerated in Brown. *See* 29 S.W.3d at 434. First, we note the state's reliance on Rule 412 is misplaced. Rule 412 only prohibits evidence of a victim's

sexual behavior, defined as "sexual activity .... other than the sexual act at issue." Tenn. R. Evid. 412(a). State v. Wyrick, 62 S.W.3d 751 (Tenn. Crim. App. 2001), involved the admissibility of similar evidence regarding a victim's prior false allegation of rape. In that case, we concluded the victim's alleged false allegation of rape did not constitute "sexual behavior;" thus, Rule 412 was not controlling. *Id.* at 771. Here, the defendant does not seek to introduce this evidence to establish the alleged victim had sexual intercourse with the co-worker, but rather to establish the alleged victim was untruthful. While evidence the alleged victim may have been untruthful to her partner about pregnancy is tangential to sexual behavior, it is not evidence of "sexual behavior" under Rule 412 and is not controlled by that rule.

As discussed by this court in Wyrick, Rule 404(b) governs the admission of character evidence as substantive evidence, including prior bad acts such as false statements. *Id.* Rule 404(b) provides "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait." However, the evidence may be admitted for another purpose: (1) if it is relevant to a matter at issue, such as motive, common scheme or plan, or intent; (2) if the probative value is not outweighed by the danger of unfair prejudice; and (3) if the court finds by clear and convincing evidence that the prior crime, wrong, or act was actually committed. Tenn. R. Evid. 404(b); Wyrick, 62 S.W.3d at 771. We conclude, as did the court in Wyrick, the evidence is not admissible under Rule 404(b). The trial court made no finding by clear and convincing evidence that the false statement was made. Furthermore, it is being presented to show the characteristic of dishonesty, and that the alleged victim acted in conformity with that character trait. In addition, there is no indication the evidence is relevant to an issue other than the alleged character trait of dishonesty, such as identity, intent, motive, common scheme, etc. There is no sex offense exception to Rule 404(b). Wyrick, 62 S.W.3d at 776-77.

If the defendant meets the procedural requirements of Rule 608(b) of the Tennessee Rules of Evidence, the defendant may cross-examine the alleged victim about the alleged false statement. However, extrinsic proof by Leah Brown of the alleged victim's statement to her is not admissible under that rule.[2] Tenn. R. Evid. 608(b). Further, as we previously discussed, Brown's testimony regarding the alleged victim's statement is hearsay. *See* Tenn. R. Evid. 801, 802.

However, we must also apply the factors set forth in Brown to determine if due process requires that the defendant be allowed to present the evidence. *See* 29 S.W.3d at 434. Again, the purpose of Leah Brown's testimony is not to prove the alleged victim's sexual intercourse with the co-worker, but rather her alleged false statement to him concerning pregnancy. Thus, defendant seeks to show that if the victim were untruthful to her co-worker about pregnancy, she may be untruthful about whether she was raped in the instant case.

---

[2] Though the record on appeal does not clearly establish the alleged victim's age, she may have been a juvenile at the time she allegedly made the statements at issue in this appeal. Therefore, if she were a juvenile at that time, Rule of Evidence 608(c) would also apply to the admissibility of the statements.

Initially, we question whether an alleged false statement about pregnancy in another relationship is critical to the defense. It has no bearing on whether the alleged victim consented to sex with three men in this case. The probative value of this type of evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Tenn. R. Evid. 403. Furthermore, the interests supporting exclusion of the evidence are important as compared to the reason for admitting it.

Accordingly, we conclude Leah Brown's proposed testimony concerning the pregnancy matter is inadmissible.

## 3. EVIDENCE THAT ALLEGED VICTIM HAD SEX WHILE INFECTED WITH SEXUALLY TRANSMITTED DISEASE

Leah Brown further testified the alleged victim said she had sex with the co-worker, knowing she had a sexually transmitted disease, chlamydia, because she was angry with him. The alleged victim testified she was diagnosed with chlamydia, but denied having the disease when she had sex with her co-worker and denied making the statement to Brown. The trial court ruled Brown's testimony was admissible because it was relevant to the alleged victim's credibility.

Defendant contends the evidence is not being offered to show the alleged victim previously had sexual intercourse, but rather contends her willingness to have sex while infected with a communicable disease relates to her honesty. As evidence of the alleged victim's sexual behavior, the evidence is not admissible unless it meets one of the exceptions contained in Rule 412. We find none of the exceptions apply. The evidence is not being presented to rebut testimony offered by the state. *See* Tenn. R. Evid. 412(c)(2). It is not evidence of sexual behavior with the accused. *See* Tenn. R. Evid. 412(c)(3). It is not being presented to rebut or explain scientific or medical evidence; prove or explain the source of semen, injury, disease, or knowledge of sexual matters; or as a part of a distinctive pattern of sexual behavior to prove consent. *See* Tenn. R. Evid. 412(c)(4).

We further conclude its admission is not required by either the Tennessee Constitution or the United States Constitution. *See* Tenn. R. Evid. 412(c)(1). As previously discussed, the factors listed in Brown guide our determination of whether the admission of evidence is constitutionally prescribed. *See* 29 S.W.3d at 434. It is our determination the evidence is not critical to the defense. While we would agree such prior behavior would certainly be malicious, it would not necessarily indicate the alleged victim was more likely to testify falsely in this case.

Further, we conclude there are substantial interests supporting the exclusion of the evidence. Initially, we note the concerns of Rule 412 are implicated by such evidence. Even if the evidence at issue were relevant to the alleged victim's credibility, we find the probative value, if any, would be slight and would be substantially outweighed by the danger of unfair prejudice and confusion of the issues. Tenn. R. Evid. 403. The defendant's right to present a defense must, at times, yield to other legitimate interests, including the rules of procedure and evidence which are designed to assure both fairness and reliability in the ascertainment of guilt or innocence. Wyrick, 62 S.W.3d at 770

(citing Brown, 29 S.W.3d at 432). In the instant case, we conclude the interests in excluding the evidence are substantial. Therefore, the evidence is inadmissible.

## 4. EVIDENCE THAT ALLEGED VICTIM MADE PRIOR FALSE ACCUSATION OF RAPE

Megan Molloy, the defendant's former girlfriend and the alleged victim's former friend, testified at the hearing that, during their freshman year in high school, the victim told her she had been raped by a neighbor. The alleged victim testified she did not tell Molloy she had been raped, but stated she had consensual sex with the neighbor. The trial court ruled Molloy's testimony was admissible.

Molloy's testimony is offered by the defendant to prove the alleged victim made a prior false accusation of rape, rather than to prove the alleged victim's sexual behavior. Therefore, the admissibility of the evidence is not governed by Rule 412. *See* Wyrick, 62 S.W.3d at 771. Though the evidence concerns a statement made by the alleged victim, it is not hearsay because it is not offered to prove the truth of the matter asserted in the statement, that the alleged victim was raped. *See* Tenn. R. Evid. 801.

However, the evidence is disallowed as substantive evidence by Rule 404(b). This rule prohibits substantive evidence that a person committed a prior bad act in order to establish the person has a character trait, such as dishonesty, and the person acted in conformity with the asserted character trait. Tenn. R. Evid. 404(b); Wyrick, 62 S.W.3d at 771. There is no sex offense exception to the rule; a victim's prior false accusation of a sexual offense must relate to a fact at issue at trial in order to be admissible substantively under Rule 404(b). Wyrick, 62 S.W.3d at 776-77.

Further, while the defendant may seek to question the alleged victim about the alleged false statement under Tennessee Rule of Evidence 608, that rule prohibits the defendant from presenting Molloy's testimony as extrinsic evidence of the statement. Tenn. R. Evid. 608(b). Therefore, we must conclude Molloy's testimony is inadmissible under the Tennessee Rules of Evidence unless presentation of the evidence is necessary to the preservation of the defendant's rights under the United States and the Tennessee Constitutions.

Applying the factors enumerated in Brown, 29 S.W.3d at 434, we conclude the defendant must be allowed to present Molloy's testimony regarding the alleged prior false claim of rape. First, as the evidence relates to the alleged victim's credibility regarding a serious matter such as rape, it is critical to the defense. A victim's prior false accusation of rape is material to a present charge of rape if proof of the falsity is shown. Wyrick, 62 S.W.3d at 780; State v. Willis, 735 S.W. 2d 818, 822 (Tenn. Crim. App. 1987). Combined with the victim's testimony at the motion hearing that she and the neighbor engaged only in consensual sex, it can reasonably be inferred the alleged victim was untruthful if she said the neighbor raped her. Although a close issue is presented as to whether there are sufficient indicia of reliability of Molloy's testimony, we believe the testimony is

sufficiently reliable for consideration by the trier of fact. Furthermore, neither Rule 412 nor the hearsay rule is implicated. While the extrinsic evidence would not be admissible under Rules 404(b) and 608(b), we conclude these rules are not substantial enough to bar introduction of this critical evidence.

This court has previously concluded that "*[i]n the absence of proof that [the victim] falsified the other allegation*, the fact that she accused another person of committing another sexual offense against her is immaterial." Willis, 735 S.W.2d at 822 (emphasis added). Here, there is testimony that a false allegation of rape was made. We do not believe the trial court erred in authorizing the admission of Molloy's testimony.

## 5. EVIDENCE THAT ALLEGED VICTIM PREVIOUSLY PARTICIPATED IN A *MENAGE A' TROIS*

Leah Brown testified that around Christmas 2000, the alleged victim also told her she "had a threesome" with two men behind a church. Brown stated the alleged victim indicated she engaged in both oral sex and sexual intercourse. The alleged victim denied she engaged in the *menage a' trois* and denied she told Brown she did. The trial court concluded the evidence was admissible.

Evidence of a victim's sexual behavior with persons other than the accused is admissible to prove consent if the evidence concerns a pattern of sexual behavior so distinctive and so closely resembling the accused's version of events that it tends to prove the victim consented or behaved in such a manner as to lead the defendant to reasonably believe the victim consented. Tenn. R. Evid. 412(c)(4)(iii). At first blush it might appear that a *menage a' trois* would qualify for admissibility under this subsection. However, our state supreme court has held a single occurrence is insufficient to establish a pattern. *See* Sheline, 955 S.W.2d at 46. Therefore, since the defendant's proof related to only one alleged incident of group sex involving the victim, it appears it was not evidence of a "pattern of sexual behavior" admissible under Rule 412(c)(4)(iii). Further, Leah Brown's testimony regarding the alleged victim's statement was hearsay. *See* Tenn. R. Evid. 801, 802.

However, after following the analysis prescribed in Brown, we conclude due process requires the defendant be allowed to present the evidence. 29 S.W.3d at 434. First, it is relevant and crucial evidence as to the alleged victim's willingness to consent to having sex with more than one partner. Second, while the evidence does not meet all the requirements of Tennessee Rule of Evidence 412(c)(4)(iii), it is certainly similar to the type of evidence which would be admissible on the issue of consent under that subsection. Though the evidence does not show a "pattern of sexual behavior so distinctive" that it tends to prove the victim's consent under Rule 412, it does relate to unique behavior, especially for a person the age of the alleged victim. It is similar to the facts alleged in the charges against the defendant in that both alleged incidents involved multiple partners. Further, as previously discussed, the statement of the victim is similar to an admission of a party opponent, which would be admissible. *See* Brown, 29 S.W.3d at 435. We conclude it has sufficient indicia

of reliability to be admissible, and the interests for the exclusion of the evidence are not sufficiently substantial to bar its introduction.

## CONCLUSION

We hold that the trial court erred in authorizing evidence that the alleged victim made a prior false allegation of pregnancy and had sexual relations while infected with a sexually transmitted disease. The trial court did not err in ruling the other evidence proffered by the defendant is admissible as part of a defense based upon the alleged victim's consent. This case is remanded to the trial court for further proceedings in accordance with this opinion.

_____
JOE G. RILEY, JUDGE