LORENE DELORIS MEEKS, Administratrix of the Estate of
Bobby Gene Meeks, Deceased, Plaintiff-in-Error,

*v.*

THE TENNESSEE FARMERS MUTUAL INSURANCE COMPANY,
Defendant-in-Error.

463 S.W.2d 942.

(*Nashville*, December Term, 1970.)

Opinion filed February 3, 1971.

HAYNES, WISEMAN & HULL, Tullahoma, for plaintiff in error.

HENRY, McCORD, FORRESTER & RICHARDSON, Tullahoma, for defendant in error.

PER CURIAM.

We will refer to the parties as they appeared in the trial court; that is, the Administratrix will be referred to as plaintiff, and Tennessee Farmers Mutual Insurance Company as defendant.

Plaintiff filed this action seeking damages for the alleged breach of two policies of automobile liability insurance. One of the policies had been issued to Bobby Gene Meeks, Deceased; and the other to Mrs. Josephine Sargent, a sister of Deceased.

Deceased was driving Mrs. Sargent's automobile with her permission in July, 1969, at which time a collision occurred between the car he was driving and one owned and operated by Hershel Kenneth Owens.

Owens carried no automobile liability insurance.

As a result of the collision both drivers were killed.

Plaintiff alleged the negligence of Owens in the operation of his car was the direct and proximate cause of the collision and death of Meeks.

The declaration further alleged plaintiff was "entitled to recover as damages from the owner or operator of an uninsured automobile because of * * * death * * *," an amount in excess of the combined applicable limits of the two policies of insurance.

The declaration set forth the provisions of the policies which are identical relating to the liability of the defendant where death results due to the negligence of the operation of an uninsured automobile under certain conditions.

Defendant demurred to the declaration on the ground plaintiff could not maintain this suit until legal liability of Owens had been established.

The trial judge sustained the demurrer and dismissed the suit.

Plaintiff prayed and was granted an appeal to this Court on August 13, 1970.

An appeal was perfected by the execution of an appeal bond on September 10, 1970, and a certified copy of the record filed in this Court on October 7, 1970. However, plaintiff has not filed assignments of error and brief.

On November 30, 1970, defendant filed a motion to dismiss the appeal and affirm the judgment of the trial judge on the ground plaintiff had failed to timely file assign-

ments of error and brief as required by Rules 14 and 15 of this Court.

On December 7, 1970, the first day of the December Term of this Court in Nashville, plaintiff filed a motion requesting this Court to treat her appeal in error as a writ of error and allow her ten days in which to file her assignments of error and brief and set the hearing for a later date.

■ We are of the opinion plaintiff's motion must be overruled and the motion of defendant be sustained.

Rule 14 provides, in part:

"Counsel for appellant or plaintiff-in-error in all civil cases shall file with the clerk of this court not more than twenty-five (25) days after the date of the filing of the transcript of the record assignment of errors and brief in support of same, typewritten or printed in accordance with Rule 3."

Rule 15(2) provides:

"When appellants, or plaintiffs-in-error, in civil cases, fail or refuse to file an assignment of errors and brief, as required by this rule, it will be taken as an abandonment of the appeal or writ of error, and the decree or judgment will be affirmed."

■ An appeal and writ of error are alternative remedies. When a party perfects an appeal in the nature of a writ of error by giving bond and filing the transcript in due time, then he cannot later pursue the alternate method of applying for a writ of error. *Burcham v. Carbide & Carbon Chemicals Corp.*, 188 Tenn. 592, 221 S.W.2d 888 (1949); *Crowe v. Birmingham and N. W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928).

Where assignments of error and brief are not filed within the twenty-five days period after filing of the record and motion to dismiss on such grounds is made and relied on with no good excuse for failure to do so appearing this Court must sustain the motion. *Chattanooga v. Swift,* 223 Tenn. 46, 442 S.W.2d 257 (1969).

It is so ordered.