H.D. EDGEMON CONTRACTING COMPANY, INC., Plaintiff–Appellee,

v.

Walter H. & Katherine KING, Defendants–Appellants.

Supreme Court of Tennessee, at Chattanooga.

Jan. 14, 1991.

William T. Alt, Chattanooga, for plaintiff-appellee.

Ronald J. Berke, Berke, Berke & Berke, Chattanooga, for defendants-appellants.

## OPINION

DROWOTA, Justice.

The Defendants Walter and Katherine King filed in the Court of Appeals a motion to dismiss the appeal, pursuant to Rule 26(b), Tennessee Rules of Appellate Procedure (T.R.A.P.), because the statement of the evidence and brief were not filed within the time allowed by Rule 24(c) and Rule 29(a), T.R.A.P.[1] The Court of Appeals, relying on this Court's opinion in *Davis v. Sadler,* 612 S.W.2d 160 (Tenn.1981), denied Defendants' motion to dismiss. We granted Defendants' Rule 11 Application for Permission to Appeal because we feel our decision in *Davis v. Sadler* needs clarification.

In the trial court, the Chancellor dismissed the original complaint filed by H.D. Edgemon Contracting Company, Inc., and entered judgment on the cross-complaint filed by Walter and Katherine King against the cross-defendant, H.D. Edgemon Contracting Company, Inc. The judgment was in the amount of $13,400.00. A final order was entered in the trial court on March 23, 1989. Edgemon Contracting filed the notice of appeal on March 27, 1989. The statement of the evidence should have been filed on or before June 25, the 90th day, in accordance with Rule 24(c), T.R.A.P. The statement of the evidence, however, was filed 33 days late, on, July 28, 1989. Rule 29(a), T.R.A.P., required Edgemon Contracting's brief to be filed on or before August 27, the 30th day. However, the brief was not filed until September 12, 1989, 16 days late.

What effect does the late filing of the statement of the evidence and brief have upon this appeal? In 1979, this Court adopted the Rules of Appellate Procedure. One of the primary purposes of the appellate rules was to bring together in one place a simplified, coherent, and modern body of law. It was the intention of the drafters that we have an orderly appellate process and that appeals be brought to a timely and proper conclusion. In order to achieve timely disposition of appeals, certain time restraints were necessary. Several of those limitations are pertinent in this case. For example, the notice of appeal must be filed with the clerk of the trial court within 30 days after the date of entry of the judgment appealed from. See Rule 4. Rule 24 requires the transcript or statement of the evidence to be filed within 90 days after filing the notice of appeal. Rule 29 requires the appellant to file his brief within 30 days after the date on which the record is filed, and gives appellee 30 days within which to file his brief.

These time restraints are necessary to expedite the appellate process. Some are waivable, some are not. Rule 2 grants the appellate courts authority to suspend the rules and at the same time prohibits the extension of time in three situations: (1)

---

1. Rule 24(c), T.R.A.P., directs that the statement of the evidence shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal. Rule 29(a), T.R.A.P., allows the Appellant 30 days within which to serve and file his brief after the date on which the record is filed.

the filing of a notice of appeal prescribed in Rule 4, (2) the filing of an application for permission to appeal prescribed in Rule 11, and (3) a petition for review prescribed in Rule 12. Rules 2 and 21(b) deal with time requirements and describe which rules may be suspended and which may have extensions of time. Both rules require "good cause" before the appellate court can extend the time prescribed or before the requirements or provisions of any of the appellate rules can be suspended.

What constitutes "good cause"? This Court was faced with a similar question in *G.F. Plunk Const. v. Barrett Properties*, 640 S.W.2d 215, 218 (Tenn.1982), when the Court was considering suspending Rule 5, which, like Rules 24 and 29, can be suspended for good cause. The Court held "that a showing of good cause requires more than a mere good faith belief that a routine office chore has been timely performed." This Court concluded "that the mere good faith intention and belief that ... [an act had been done] does not provide good cause under Rule 21(b) for permitting an act to be done after the expiration of the time prescribed in the rules."

This concern with the timely dispatch of Tennessee's appellate litigation predates the adoption of the Rules. For example, in *Lambert v. Home Federal Savings & Loan Association*, 481 S.W.2d 770, 772 (Tenn.1972), Justice Humphreys, in dismissing an appeal because the assignments of error and brief were not timely filed, stated that rules dealing with time limitations are "directed at one of the most important objectives of this Court; the prompt dispatch of judicial business." The Court went on to state that "the violation of the rule cannot be excused on the ground that no prejudice to appellees is shown." Two years earlier in *Meeks v. Tennessee Farmers Mutual Insurance Co.*, 225 Tenn. 127, 463 S.W.2d 942, 943 (1971), the Court dismissed the appeal for failure to timely file assignments of error and brief stating "with no good excuse for failure to do so appearing, this Court must sustain the motion [to dismiss]." In *City of Chattanooga v. Swift*, 223 Tenn. 46, 442 S.W.2d 257, 258 (1969), Justice Humphreys, again dismissing an appeal for failure to timely file assignments of error and brief, stated: "Under all of our cases, where this motion is made and relied on, and there is no good excuse for noncompliance with our Rules, it is our duty to sustain the motion; which is done."

In *Davis v. Sadler*, 612 S.W.2d 160 (Tenn.1981), the Court of Appeals had dismissed an appeal for failure to comply with Rule 24, when the transcript of the evidence was filed 94 days after the filing of the notice of appeal. The Court of Appeals held that it could not review a transcript of evidence filed more than 90 days after the notice of appeal is filed in the trial court. We reversed, stating that Rule 2 allows for the suspension of Rule 24, and held that "an appellate court should permit the late filing of a transcript in all cases where there has been a good faith attempt on the part of the appellant to file the transcript within the time limit set forth in Rule 24(b)...." (Emphasis added.) We further found that the record supported appellant's good faith attempt and allowed the late filing of the transcript, which had reached the clerk's office only four days late.

In the case at bar, counsel stated that his failure to comply with Rule 24 is "due to the oversight of Plaintiff's counsel in not completing same before becoming involved in trials and leaving on vacation directly following the trials." The Court of Appeals did not find such an excuse meritorious; however, they denied the motion to dismiss based upon their reading of *Davis v. Sadler*.

In the present case, Plaintiff was 33 days late in filing his statement of the evidence, was 16 days late in filing his brief in the Court of Appeals and Plaintiff failed to file his brief in this Court in accordance with Rule 11(f). That brief was due in this Court on April 23, 1990, but none had been filed when this case came on to be heard for oral argument on October 25, 1990. This Court waived Rule 35(a), which states: "No party may argue unless he has filed his brief as required by these rules." We waived this rule in order to allow counsel the opportunity to be heard and in an effort

to determine whether "good cause" under Rule 2 and Rule 21(b) had been shown.

No request for an extension of time had been made within the time initially allowed by Rules 24, 29 and 11. Requests for extensions of time made before the expiration of time "are granted with a much more generous hand." *G.F. Plunk Const. v. Barrett Properties*, 640 S.W.2d at 217.

It is essential to the orderly process of handling appeals to have mandatory time schedules in our appellate courts. We are of the opinion that the 90–day requirement set forth in Rule 24 is reasonable and fair and in the absence of "good cause" being shown, the rule must be enforced. Counsel for Plaintiff has failed to adequately explain his non-compliance with T.R.A.P. 24, 29 and 11. No "good cause" has been shown by counsel for Plaintiff, a fact which distinguishes this case from *Davis v. Sadler.*[2] The motion of Defendant to dismiss the appeal was well taken and should have been sustained in the Court of Appeals. The appeal is accordingly dismissed at the cost of the Plaintiff–Appellee.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

---

**2.** While we are mindful that the analysis employed in *Davis v. Sadler* involved considerations of good faith, along with prejudice, the better approach in these cases is to use the standard actually found in the rules—"good cause."