IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

**July 3, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

ROBERT DALE COBB,              )
                               )
    Plaintiff-Appellant,   )
                               )
v.                             )   HAMBLEN LAW
                               )   03A01-9602-CV-00051
DOUGLAS R. BEIER,              )
                               )
    Defendant-Appellee.    )


## DISSENTING OPINION


While I concede that the majority opinion is technically correct and the reasoning employed comports with previous case law, I observe that this Court, or at least this member of this Court, has routinely overruled such motions when the only defect as to the service of the notice of appeal is failure to file a copy with the Clerk of this Court.

Given the fact that those promulgating the Rules of Appellate Procedure have vacillated on this requirement, and such a filing serves little purpose in the vast majority of cases appealed, I would suspend that provision of Rule 5 unless prejudice to the appellee has been shown.

_____

Houston M Goddard, P. J.

2

Houston M Goddard, P. J.

FILED

July 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

ROBERT DALE COBB,                    ) C/A NO.  03A01-9602-CV-00051
                                     )
        Plaintiff-Appellant,         ) HAMBLEN LAW
                                     )
v.                                   ) HON. JOHN K. WILSON,
                                     ) JUDGE
DOUGLAS R. BEIER,                    )
                                     )
        Defendant-Appellee.          ) DISMISSED


J. RANDALL SHELTON, Morristown, for Plaintiff-Appellant.

JAMES M. DAVIS, Morristown, for Defendant-Appellee.


**O P I N I O N**


Franks. J.


        The determinative issue on appeal is whether the appeal should be dismissed because the appellant did not file notice of the appeal with the clerk of the appellate court designated in the notice of appeal.

        In the Trial Court appellee was granted summary judgment, and appellant timely filed the requisite notice of appeal, except with the clerk of the appellate court.

Appellee filed a motion to dismiss on that basis with this Court, and the issue has been briefed and argued.

The Rules of Appellate Procedure state:

> (a) Service of Notice of Appeal in Civil Actions - Not later than 7 days after filing notice of appeal, the appellant in a civil action shall serve a copy of the notice of appeal on counsel of record of each party . . . and on the clerk of the appellate court designated in the notice of appeal.

T.R.A.P. Rule 5 (1995).

The Rule was modified in 1984 to remove the requirement of notice to the appellate court, because ?the experience of the appellate clerks has been that the requirement of serving a notice of appeal at the appellate level accomplished no vital purpose . . . .? Advisory Commission Comments to T.R.A.P. 5, 1984. In 1991, the requirement of service of notice on the appellate court clerk was added to the rule, using the exact language that had been in the pre-1984 version. T.R.A.P. Rule 5, 1983.

Appellant concedes he did not file a copy of the notice with the clerk of the Court of Appeals. Failure to comply with Rule 5 merits dismissal of an action. *G.F. Plunk Construction Co., Inc. v. Barrett Properties, Inc.*, 640 S.W.2d 215 (Tenn. 1982).

In *Plunk*, the appellant had filed a notice of appeal with the trial court but not with the opposing counsel or the clerk of the Court of Appeals. The Tennessee Supreme Court held that it was possible for the service upon the clerk of the appellate court to be waived. *Id.* This waiver, however,

requires a showing of good cause. *Id.* T.R.A.P. 2[1]; T.R.A.P. 21[2].

*Plunk* noted that courts are more generous in finding good cause before the time for permitting an act to be done has expired. The court determined that after the expiration of the time prescribed in the rules has occurred, a showing of good cause ?requires more than a mere good faith belief that a routine office chore has been timely performed.? *Id.* at 218. The Court went on to reject counsel's excuse that he sincerely thought the notices of appeal had been mailed.

In this case, according to his brief, Appellant failed to serve the appellate clerk due to ?inadvertence, the requirement of T.R.A.P. Rule 5(a) being overlooked.? No cases seeking to avoid dismissal because of a lawyer's misreading of T.R.A.P. Rule 5 has been called to our attention. However, this excuse has been proffered for relief under T.R.C.P. Rule 60. In *Kilby v. Sivley,* 745 S.W.2d 284 (Tenn. App. 1987). Plaintiff's attorney erroneously followed the appeal procedures of T.R.A.P Rule 12 instead of T.R.A.P. Rule 3 and filed an appeal with the clerk of the Court of Appeals instead

---

[1] T.R.A.P. 2 reads:

> For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion, except that this rule shall not permit the extension of time for filing a notice of appeal prescribed in Rule 4, an application for permission to appeal prescribed in Rule 11, or a petition for review prescribed in Rule 12.

[2] T.R.A.P. 21(b) reads:

> For good cause shown the appellate court may enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal prescribed in Rule 4, an application for permission to appeal prescribed in Rule 11, or a petition for review prescribed in Rule 12.

of the Trial Court. This Court determined that this type of error did not constitute a ?mistake? that could justify T.R.C.P. Rule 60 relief. The rationale was:

> The mere fact that a lawyer is ignorant of the rules or mistakenly reads the rules is not within itself reason to invoke Rule 60.02(1), Tenn. R. Civ. P. To grant relief in every case where a lawyer is mistaken about the rules or is negligent in reading the rules would emasculate the rules pertaining to filing of notice of appeal.

*Id.* at 287; *also see H. D. Edgemon Contracting Co., Inc. v. King,* 803 S.W.2d 220, 222 (Tenn. 1991).

This type of error does not constitute ?good cause.? *See Kilby.* The requirements of T.R.A.P. Rule 5 are read strictly, *Plunk.* In addition, the filing of notice with the appellate court clerk was considered important enough to warrant its being brought back as a requirement in T.R.A.P. Rule 5.[3] Given these considerations, the basis advanced does not constitute cause to invoke a waiver of the requirement under Rule 2, Tennessee Rules of Appellate Procedure.

We dismiss the appeal and remand at appellant's cost.

_____
Herschel P. Franks, J.

CONCUR:

---

[3] Professor Sobieski in his *Procedural Details of the Proposed Tennessee Rules of Appellate Procedure*, Tennessee Law Review Vol. 46, #1, p.1, (1978) notes that service of the notice of appeal on the clerk of the appellate court advises that court of the pendency of the appeal and permits it to assume supervision of the appeal, which comports with the ABA *Standards Relating to the Appellate Courts.*

_____
Houston M. Goddard, P.J.


_____
Charles D. Susano, Jr., J.