IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2002,  Session

## H. JOHN TALLARDY, Appellant
v.
## WILLIAM JONES, et. al., Appellees

Appeal from the Chancery Court of Montgomery County
No.2001-05-0044, Carol A. Catalano, Chancellor

———————————————————————————————

No. M2002-00447-COA-R3-CV - Filed June 12, 2003

———————————————————————————————

Homeowner hired a contractor to make improvements to his residence.  Disputes occurred during and following construction.  The contract contained an arbitration provision.  The parties agreed to arbitration, following which the arbitrator awarded damages against the contractor in the amount of $76,465. Contractor refused to pay the award.  Accordingly, the homeowner filed this civil action to enforce the arbitration award.  Following a hearing before the Chancellor, of which there is no record for this court to review, the Chancellor refused to confirm the arbitration award. We affirm.


### Tenn. R. App. P. 3  Appeal as of Right; Judgment of the Chancery Court
### Affirmed and Remanded

FRANK G. CLEMENT, JR., Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S.,  and  WILLIAM B. CAIN, J., joined.

Atty. Richard M. Smith and O. Benton Curtis III, of Nashville, TN, for the appellant.

Atty. Gregory D. Smith, of Clarksville, TN, for the appellees.

### Opinion


On March 22, 2000, H. John Tallardy entered into a contract with William Jones d/b/a Queen City Construction, the purpose of which was to make substantial improvements to Tallardy's residence.  During the course of construction, disputes arose between the parties with respect to quality, timeliness and cost of construction.  The parties were unable to resolve their differences.

The contractor, William Jones, along with a company known as B & F Properties, filed a civil action seeking damages for unpaid services and materials. Tallardy responded by seeking a stay of the litigation pending arbitration as provided for in the contract with Jones d/b/a Queen City Construction. The parties agreed to the stay and submitted the matter to arbitration.

The arbitration was administered by the American Arbitration Association. Thomas Edward McLaughlin of the Construction Arbitration Tribunal was designated to conduct the hearing. On the day of the arbitration hearing, Jones appeared *pro se*. The Award of the Arbitrator states that Mr. McLaughlin heard the "proofs and allegations of the parties in accordance with the Construction Arbitration Rules of the American Arbitration Association." The arbitrator found for Tallardy and held Jones, Queen City Construction, B and F Properties and Flo Jones jointly and severally liable in the amount of $76,465.

There is much conflict, and more than a little confusion, concerning the identity of the proper parties. The contract at issue is between "H. John Tallardy and William Jones d/b/a Queen City Construction." The caption of the arbitration documents reads:

> "In the Matter of the Arbitration between John Tallardy and William Jones,
> Individually and d/b/a/ Queen City Construction, B and F Properties
> d/b/a Queen City Construction and Flo Jones."

Neither B and F Properties nor Flo Jones are parties to the contract at issue, yet the arbitration award issues a substantial award against the parties to the contract as well as B and F Properties and Flo Jones, for which each is jointly and severally liable. The involvement of B and F Properties and Flo Jones apparently arises from the liability insurance and workers' compensation and employer's liability certificates provided to Tallardy at the commencement of construction, on or about April 7, 2000. The insurance listed the insureds as "B and G Properties d/b/a Queen City Construction Flo Jones." Three months later, on July 19, 2000, a second certificate of insurance related to the project listed the insured as "B and F Properties Flo Jones." The record fails to indicate and accordingly we are not at liberty to speculate whether Ms. Jones or B and F Properties were ever added as parties to the contract at issue which provides for arbitration.

Since there is no transcript of the proceedings before the Chancellor, just the technical record provided by the Clerk and Master, we are without the benefit of the arguments presented or the Chancellor's findings and conclusions. Moreover, the order denying Tallardy's petition to confirm the arbitration award does not set forth the Chancellor's findings or conclusions of law. The order merely states that the chancellor considered the complaint of the plaintiff, the response of the defendants, statements of counsel for plaintiff and the defendants, and "from all of which the Court finds that said application to confirm arbitration award should be denied." The mandatory part of the order is similar, it reads, "It is therefore ordered, adjudged and decreed that the plaintiff's application to confirm arbitration award is hereby denied."

The appellant set forth three alleged reasons for the Chancellor's ruling. The appellees

correctly noted that such assertions are outside of the record for there is no transcript of the evidence and such is not found in the technical record.[1]   Rule 13(c), Tenn.R.App.P., provides that the appellate court "may consider those facts established by the evidence in the trial court and set forth in the record."  We find that the alleged reasons for the Chancellor's ruling are unsubstantiated. Accordingly, they cannot be considered by this Court.

This court is being asked to judge the actions of the Chancellor without the transcript of any of the hearings and without the benefit of the Chancellor's findings or conclusions of law.  When no transcript or other record of evidence regarding what occurred exists, the appellate courts must presume that had a record existed, it would have contained sufficient evidence to sustain the trial court. *See, Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn.App. 1992).  In the absence of a record, we must "conclusively presume" that the findings of the trial court are supported by evidence heard in the trial court. *See Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn. App. 1987), citing *J.C. Bradford & Co. v. Martin Construction Co.*, 576 S.W.2d 586, 587 (Tenn. 1979).  It should also be noted that our courts have previously recognized that the failure to file a transcript or statement of evidence under T.R.A.P. 24(b) or (c) is usually fatal to an appeal. *H. D. Edgemon Contracting Co., Inc. v. King*, 803 S.W.2d 220, 223 (Tenn. 1991).

The standard of review by a trial court of an arbitration award is a narrow one that should be deferential towards the arbitration decision. *See, Arnold v. Morgan Keegan & Company, Inc.* 914 S.W.2d 445 (Tenn. 1996). The Arnold court correctly rationalized that permitting a dissatisfied party to set aside the arbitration award and to invoke the court's judgment upon the merits would render arbitration merely a step in the settlement of the dispute, instead of its final determination. *See Arnold* at 452.  Yet, the parties to arbitration are not required to abandon all legal remedies. Specifically, a trial judge may set aside an arbitration award on the grounds set forth in T.C.A. § 29-5-313.  Since there is no record before us, we cannot determine whether the Chancellor did or did not narrowly review the arbitration award pursuant to T.C.A. § 29-5-313.  Did the Chancellor determine that the arbitrator exceeded his jurisdiction, perhaps finding that he lacked jurisdiction over one or more of the parties who were not a party to the contract?  Did the Chancellor determine that the arbitrator's refusal to grant a continuance was improper?  Did the Chancellor determine that the arbitrator erroneously refused to hear material evidence?  We cannot make any of these determinations for there is nothing before us to substantiate any degree of error by the Chancellor. Moreover, this court's standard of review of the decision by the trial court to approve or disapprove an arbitration award is "clearly erroneous." *D & E Construction Co., Inc. v. Robert J. Denley Col, Inc.*, 38 S.W.3d 513, 518 (Tenn. 2001).  There is nothing before us to substantiate the appellant's assertions that the Chancellor's ruling was clearly erroneous and, to the contrary, we are to presume that the evidence supported her findings.

Based upon the record before us, or lack thereof, we are unable to determine that the

---

[1]The fact that the order does not set forth findings of fact and conclusion of law is not the fault of the Chancellor.   She was under no duty to voluntarily provide such.  The appellant could have requested findings of fact pursuant to Tenn. R. Civ. P. 52.

Chancellor made any error.   Accordingly, we affirm the Chancellor in all respects.


This matter is remanded to the Chancery Court of Montgomery County for further proceedings consistent with this opinion.  Tax the cost on appeal against the appellant, H. John Tallardy.


_____
Frank G. Clement, Jr., Special Judge

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2002, Session

**H. JOHN TALLARDY, Appellant**
**v.**
**WILLIAM JONES, et. al., Appellees**

Appeal from the Chancery Court of Montgomery County
No.2001-05-0044, Carol A. Catalano, Chancellor

_____

No. M2002-00447-COA-R3-CV

_____

This cause came on to be heard upon the record on appeal from the Chancery Court for Montgomery County, briefs, and oral argument; upon consideration whereof, this Court is of the opinion that the order of the Chancery Court should be affirmed and remanded.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the judgment of the trial court is affirmed. This cause is remanded to the Chancery Court for Montgomery County for any further proceedings which may be necessary, consistent with this judgment and the opinion of this Court.

Costs of this appeal are taxed against Appellant, Margaret Johnson, for which execution may issue if necessary.