IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2014

**HAROLD TOLLEY v. SHARON TAYLOR, WARDEN**

**Appeal from the Criminal Court for Johnson County**
**No.  CC-13-CV-89    Robert E. Cupp, Judge**

_____

**No. E2013-01988-CCA-R3-HC - Filed March 11, 2014**

_____

The Petitioner, Harold Tolley, appeals the Johnson County Criminal Court's summary dismissal of his petition for habeas corpus relief from his 1998 conviction for first degree murder and his resulting life sentence.  The Petitioner contends that the trial court erred by summarily denying relief because he was denied his right to defend himself at the trial by presenting an intoxication defense to show he had diminished capacity.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Harold Tolley, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to this court's opinion in the appeal of the Petitioner's conviction, the evidence at the trial showed that on March 1, 1997, the Petitioner crossed an open pasture, crawled between the strands of a barbed wire fence, and walked to where the victim was talking to Jerry and Cleon Price.  Jerry Price testified that the Petitioner approached the group, pulled a gun, and shot the victim in the left temple.  He said that after the victim fell, the Petitioner stood over the victim and shot him three more times.  He said the Petitioner put the gun in his back pocket and walked to his truck.  Although the Defendant testified that he shot the victim because the victim cursed him, hit him, and knocked him to the ground, Mr. Price testified that no argument occurred, and Dr. William McCormick, who performed the

victim's autopsy, testified that the victim's hands had no injuries that were consistent with the Petitioner's claim that the victim hit him.

The Petitioner was convicted of first degree murder and received a life sentence. He appealed his conviction, and this court affirmed it. *State v. Harold Tolley*, No. 03C01-9811-CR-00386 (Tenn. Crim. App. Jan. 14, 2000), *perm. app. denied* (Tenn. Sept. 5, 2000).

In 2001, the Petitioner filed a petition for post-conviction relief, contending that he received the ineffective assistance of counsel. *Harold Tolley v. State*, No. E2005-02260-CCA-MR3-PC (Tenn. Crim. App. Dec. 21, 2006), *perm. app. denied* (Tenn. Apr. 23, 2007). He argued that counsel was ineffective in advising him to forego the State's plea offer and in presenting his defense. *Id.* at 8. The trial court denied relief, and this court affirmed the denial. *Id.* at 9.

The Petitioner filed a petition for a declaratory judgment in Davidson County Chancery Court, arguing that Tennessee Code Annotated section 40-35-501(i) was unconstitutional as applied to his life sentence. *Harold Tolley v. Attorney General of Tennessee*, No. M2012-00551-COA-R3-CV (Tenn. Ct. App. Oct. 29, 2012), *perm. app. denied* (Tenn. Mar. 5, 2013). The trial court granted the Department of Correction's motion to dismiss, and the Tennessee Court of Appeals affirmed the dismissal. *Id.*

In his present habeas corpus petition, the Petitioner contended that he was denied his rights to due process and equal protection because he suffered from a "mental disease or defect" and could not form the culpable mental state required for a first degree murder conviction. He argued that he was prescribed numerous medications to treat his mental illness, that he had consumed one quart of "moonshine" whiskey on the day of the incident, and that he had diminished capacity because of the combination of the medications and the alcohol, which made premeditation impossible.

The State filed a motion to dismiss the petition, arguing that the Petitioner's claim was "essentially a sufficiency argument, which is not cognizable in habeas corpus," and that this court previously determined the evidence at the trial was sufficient to support the conviction. The trial court granted the motion and summarily dismissed the petition for relief. This appeal followed.

The Petitioner contends that he was denied his right to defend himself at the trial by presenting an intoxication defense to show he had diminished capacity. He argues that at the time of the offense, he was being treated by a physician, was prescribed "Lortab, Soma 350, and Prozac," and was drinking whiskey. He argues that he had diminished capacity because of the drug and alcohol combination and that he had no memory of the offense. The State

responds that the trial court properly dismissed the petition because the Petitioner failed to establish his judgment was void. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). When applicable, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291-92 (Tenn. 1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *State ex rel. Edmondson v. Henderson*, 421 S.W.2d 635, 636-37 (Tenn. 1967); *see* T.C.A. § 29-21-109 (2010).

Regarding the Petitioner's claim that he was denied his right to present an intoxication defense to show that he lacked the capacity of premeditation, "[t]he Sixth Amendment and the Due Process Clause of the Fourteenth Amendment clearly guarantee a criminal defendant the right to present a defense which includes the right to present witnesses favorable to the defense." *State v. Brown*, 29 S.W.3d 427, 432 (Tenn. 2000). However, this court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues for post-conviction relief rather than habeas corpus relief. *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, slip op. at 2 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE